STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
KENT COUNTY SUPERIOR COURT

James P. Laplante,
**Plaintiff**

v.

OneBeacon Insurance
Group
**Defendant**

K C.A. 05- 1019

## VERIFIED COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF

1. Your Plaintiff is James P. Laplante currently a resident of Quechee, Vermont, who, at the time of the events complained of herein, was a temporary domiciliary of the State of Rhode Island, residing at 217 Douglas Pike, in North Smithfield, Rhode Island, when he was in an accident with a hit and driver in Lincoln, Rhode Island.

2. The Defendant, OneBeacon Insurance Group, is an insurance company regulated by laws of the States of Rhode Island, Vermont, Massachusetts, and several other states where it does business. It is " [h] headquartered in Boston, Massachusetts." In Rhode Island, Massachusetts and in Maine, OneBeacon Insurance also does business under the corporate name of OneBeacon Insurance Risk Management, Inc., at One Beacon Street, Boston, Massachusetts, which is also known as "OneBeacon Insurance " as part of its insurance group. See Logo on Exhibit A, the Laplante Policy, attached hereto. In Massachusetts, Defendant is also registered as a foreign corporation doing business as OneBeacon Insurance



EXHIBIT
A
ALL-STATE LEGAL®

Group, LLC. One Beacon Insurance Group owns the assets and liabilities of CU York Insurance Company of Maine, which was the original underwriter in 2001 of Mr. Laplante's initial policy. On August 12, 2002, Mr. Laplante was informed "Last June, CGU and its many affiliated underwriting companies became OneBeacon Insurance Group. As part of the final transition, we are changing the names of some of our underwriting companies to match our OneBeacon identity. You'll find the new name of the OneBeacon Company that writes your insurance listed in the enclosed endorsement form…" "This change becomes effective 09/06/2002. It applies **Only** to the name of the company. Your coverages, rates, and other terms and conditions remain the same." All communications to the Plaintiff received from the Defendant were on the letterhead of One Beacon Insurance with a Lighthouse logo. "OneBeacon Insurance Group ("Defendant" or "OneBeacon Insurance"), formerly known as CGU Insurance, adopted its current name, and began using a lighthouse logo as well, in June 2001. *** OneBeacon Insurance (then known as "CGU Insurance") was sold to White Mountains Insurance Group, Ltd. ("White Mountains") in 2001 and OneBeacon Insurance adopted its current name and lighthouse logo in connection with that sale. *** All insurance offered by OneBeacon Insurance, ***, is sold exclusively through the company's independent insurance agents." (*Id.* at 133.) See *Beacon Mut. Ins. Co. v. OneBeacon Insurance Ins. Corp.* 376 F.Supp.2d 251 (D.R.I., 2005).

3. OneBeacon Insurance Group, by and through its subsidiaries and agents, is licensed to sell insurance products in Rhode Island, Vermont, and, upon

information and belief, in all other states of the United States. OneBeacon Insurance has approximately 12 agents selling its products in Rhode Island.

4. During the time Plaintiff was a temporary domiciliary of Rhode Island, the Defendant, OneBeacon Insurance, provided to James P. Laplante and his co-insured Corrina Brown, a single one- year Vermont insurance contract (Policy Number YM-Z263796F) for three (3) separately listed vehicles with three (3) separate premiums for uninsured coverage and medical payments coverage for the term August 29, 2002 through August 29, 2003, as amended on January 2, 2003. Said contract for insurance is attached hereto as Exhibit A. Its terms are incorporated herein by reference.

5. OneBeacon Insurance provided extraterritorial coverage in its contract with Mr. Laplante for mandatory liability, mandatory uninsured coverage, and mandatory medical payments coverage.

6. This Court has subject matter jurisdiction over all matters in this Complaint, pursuant to the *Declaratory Judgment Act*, Chapter 31 of Title 9. In particular, it has jurisdiction under R.I.G.L.§ 9-30-2 **which provides that** "Any person interested under a ***, **written contract**, or other writings constituting a **contract,** or whose rights, status, or other legal relations are affected by a **statute,** ***** ****, [or] contract, ***,** may have determined any question of construction or validity arising under the ***statute, ***[or] contract, *** and **obtain a declaration of rights**, status, or other legal relations thereunder.

7. This Court has personal jurisdiction over Defendant pursuant to *R.I.G.L.*§ 9-5-33 providing jurisdiction over foreign corporations, and over nonresident individuals,

partnerships, or associations. OneBeacon Insurance is also subject to Rhode Island law and insurance regulations by virtue of its own insurance registrations in Rhode Island, in accordance with Rhode Island laws, including but not limited to, R.I.G.L.§ *27-2-1,* R.I.G.L.§ *27-2-2, R.I.G.L.§ 27-7-1*, to R.I.G.L.§31-31-1 -7, and to R.I.G.L §. 31-47-1, through R.I.G.L.§ 31-47-14. It also is subject to jurisdiction by virtue of Rhode Island Department of Business Regulation, Insurance Regulation 10, relating to automobile liability insurance, uninsured, and underinsured motorist coverage.

8. OneBeacon Insurance Insurance, by its filings (together with those of its subsidiaries) in Rhode Island, has agreed to be sued in Rhode Island, and to submit to Rhode Island jurisdiction and regulation. This Rhode Island Superior Court has already taken jurisdiction over a related issued to this present dispute with OneBeacon Insurance Group in the matter of a fee dispute in the case *Michael Egan, Attorney v. James P. Laplante*, KC 04-689 which involved Mr. Laplante's refusal, **pursuant to the same contract at issue here,** to accept OneBeacon Insurance's offer to pay the sum of three hundred thousand ($300,000.00) dollars to him in 2004 as full settlement of his claim, and that of his father Joseph Laplante. OneBeacon has thereby submitted its policy at issue here to this Court's jurisdiction in this suit, and has waived any objection thereto.

9. Due to the particular facts of this matter, Rhode Island law must be applied when interpreting the insurance contract between the parties hereto.

**Count I: Payment of Undisputed Amount**

10. Averments One (1) through Nine (9) are hereby incorporated by reference as if fully pled herein.

11. For the three (3) motor vehicles in his policy: 1994 Jeep Cherokee, 1978 Ford F378, and a 1985 Subaru Standard, Mr. Laplante paid three (3) **separate** premiums of $60 each for uninsured motorist coverage, and three (3) **separate** premiums: $12, $12, and $17, for medical coverage.

12. On February 23, 2003, James P. Laplante, while operating his OneBeacon Insurance insured Ford F358 truck in Lincoln, Rhode Island (with his father Joseph Laplante as a passenger) was attempting to avoid an unknown red, or maroon, vehicle cutting into his path of travel when he hit a steel traffic signal pole, and was nearly killed, suffering several temporary and permanent injuries, and the complete "totaling" of his motor vehicle.

13. James P. Laplante was then transferred to Rhode Island Hospital, where he remained unconscious for several weeks, incurring medical bills in excess of $120,000.00 for treatment and care. Those Rhode Island bills remain unpaid.

14. James P. Laplante, eventually, returned to his residence in Vermont in the spring of 2003, where he receives continued treatment in Vermont and Massachusetts's hospitals.

15. On March 31, 2003, Carl Kallenberg of OneBeacon Insurance informed Mr. Laplante that OneBeacon's endorsement (G13156 03-02) in his composite policy provided uninsured coverage for bodily injury and property damage involving a hit and run driver. "The UM Endorsement states that CU York will pay

compensatory damages which an "insured" is legally entitled to recover from the owner of or operator of an "uninsured" and caused by an accident and "property damage" by an accident." Excepting for the $10,000 limits on property damage, Kallenberg did not indicate any limits of liability on uninsured coverage. See Exhibit C. Attached.

16. At the request of OneBeacon Insurance, Mr. Laplante has given a deposition in Rhode Island, and provided copies of medical bills through 2004

17. In the spring of 2004, OneBeacon Insurance incorrectly informed James P. Laplante that his contract with OneBeacon Insurance had a maximum limit of three hundred thousand ($300,000.00) dollars, which coverage was all that was available for damages to both his father, Joseph Laplante, and himself.

18. Except for one medical payment of $5,000 to Mr. Laplante in 2004, OneBeacon Insurance has refused to pay for the continued medical treatment of James P. Laplante for injuries suffered in the accident of February 23, 2003. See Exhibit B.

**19.** On September 11, 2003, in San Rafael, California, USA, Fair Isaac Corporation (NYSE:FIC) the leading provider of analytics and decision technology announced that OneBeacon Insurance Group is implementing Fair Isaac's medical bill review services for Personal Injury Protection (PIP) and **med-pay bills.** ***Its press release stated " Fair Isaac's medical bill review services provide OneBeacon with **powerful new tools for reducing claims costs."**

20. In 2005, OneBeacon Insurance paid Joseph Laplante, under the liability coverage provisions of James Laplante's policy, the sum of three hundred thousand ($300,000.00) dollars.

21. In 2004, One Beacon Insurance incorrectly informed James Laplante that his limits of liability on his three (3) uninsurance premiums, his three (3) medical payments premiums claims, and his property damage claims was three hundred thousand ($300,00.00) dollars.

22. Pursuant to R.I.G.L.27-7-2 (i) relating to stacking, and his contract related to out of state coverage, James Laplante, in 2005, has demanded of OneBeacon Insurance that it pay the limits of his insurance policy for personal injury **stacked**, to wit: $900,000.00 for uninsured coverage, $10,000.00 for medical payments coverage, and $10,000.00 for property damage.

23. There now exists a dispute between James P. Laplante and OneBeacon Insurance regarding the scope of his automobile insurance contract, and the applicability of Rhode Island statutory contract overrides coverage. See Policy, Attachment A.

24. Plaintiff contends that his contract, and statutes, require ***intra policy*** stacking of insurance premiums for uninsured motorists, R.I.G.L.§27-7-2.1(i), and that Rhode Island law requires ***intra policy*** stacking of medical premiums.

25. The Defendant apparently disagrees with Plaintiff's above interpretation.

26. James Laplante has suffered approximately $1,500,000.00 damages as a consequence of the accident of February 23, 2003 in Lincoln, Rhode Island with an uninsured hit and run driver.

27. Mr. Laplante has demanded that OneBeacon Insurance pay nine hundred and twenty thousand ($920, 000.00) dollars, pursuant to the three (3) separate premiums he paid OneBeacon Insurance for uninsured coverage, for medical coverage, and for the premium he paid for property damage to his motor vehicles.

28. To date, OneBeacon Insurance has only offered to pay Mr. Laplante the sum of three hundred thousand ($300,000.00) dollars.

29. James Laplante's physicians, since September 17, 2003, have been recommending further surgery. He lacks funds for such care.

> "*** My recommendation is to obtain approval for an osteotomy accompanied bilateral tibial plateau allograft to reconstruct his damaged right knee."
>
> Tom Minas, M.D.
> Brigham and Women's Hospital
> Department of Orthopedic Surgery
> 75 Francis Street
> Boston, Massachusetts 02115
> June 7, 2004.

30. OneBeacon Insurance is wrongfully withholding payment of the undisputed amount in order to force Laplante to accept less than the amount promised by his contract, and the statutorily mandated provisions included within the contract.

31. Mr. Laplante is irreparably harmed by OneBeacon Insurance's refusal to pay, at least, the undisputed amount due on its policy.

32. On its Website, OneBeacon Insurance makes the following promise to its insureds, like James Laplante:

**"Our Promise to You**

**OneBeacon Insurance stands by our promise to provide our agents and policyholders with superior claim service.**

OneBeacon Insurance stands by our promise to provide our agents and policyholders with superior claim service. We recognize how disruptive a loss can be and are sensitive to your needs during this difficult time. We begin this commitment by providing our customers with a trouble-free way to report losses. We provide our policyholders with industry leading customer service from our dedicated and courteous claim professionals, who are directed to making contact with our policyholders within 24 hours of claim receipt. **Our highly experienced and dedicated claim staff will guide our policyholders through the claim process to ensure their needs are met.**

We also conduct timely and thorough claim investigations and aggressively defend our customers against fraudulent and non-meritorious claims. Our mission is not complete until we have provided **a timely resolution** based on legal requirements, **ethical behavior and fairness**."

**A policy of insurance is a promise to indemnify in the event of a covered loss**. The OneBeacon Insurance Claims team takes that promise seriously, and is committed to fulfilling our obligations." www.OneBeacon.Com.(Emphasis Added)

33. According to its contract with Mr. Laplante, see Exhibit A attached, (Endorsement G131156 03 02) and in accordance with its nationwide website, OneBeacon Insurance provides coverage for hit and run drivers, and underinsured drivers: "Uninsured and Underinsured Motorist Coverage: This coverage will reimburse you, a member of your family, or a designated driver if one of you is hit by an uninsured or hit-and-run driver."

34. OneBeacon Insurance has breached its advertised promises to James Laplante.

35. OneBeacon Insurance has breached its contract of indemnity with Mr. Laplante.

36. At the time of the accident in question, James Laplante was a temporary Rhode Island domiciliary, and a Vermont resident, subject to the benefit of his extraterritorial coverage provision, and therefore the beneficiary of Rhode Island statutes regulating types of coverage required to be provided motorists in Rhode Island. As such, James Laplante was also afforded protections in Rhode Island and Vermont of the Due Process Clause, the Taking Clause, the Full Faith and Credit Clause, and the Privilege and Immunities Clauses of the United States Constitution, and similar provisions in the Rhode Island Constitution.

37. James Laplante's coinsured, Corrina Brown, had previously purchased a house at 217 Douglas Pike, in North Smithfield, Rhode Island in September of 2001 in contemplation of moving to Rhode Island after the property was rehabilitated.

38. James Laplante, living at 217 Douglas Pike, North Smithfield, Rhode Island prior to the accident, had paid electric bills (from at least September 14, 2001 to August 21, 2003, Account Number 549662100322026) and telephone bills from Verizon at that Rhode Island address for phone number 401 765-5616 from August 21, 2001 to July 16, 2003. His long distance service for his Rhode Island number with MCI, however, was billed to his Vermont address.

39. Corrina Brown's mortgage payments were mailed to 217 Douglas Pike in Rhode Island.

40. James Laplante, prior to the accident, made numerous calls from this telephone to Rhode Island numbers, and was billed for this service at 217 Douglas Pike, North Smithfield, Rhode Island.

41. From 2002 to the date of the accident, February 23, 2003, James Laplante was working with his father, Joseph Laplante, remodeling the house at 217 Douglas Pike in North Smithfield, Rhode Island

42. In the fall and winter of 2002 and 2003, James Laplante rebuilt and customized the 1978 Ford F378 truck on site in Rhode Island, and purchased parts and tires for the vehicle in Rhode Island.

43. Between October 4, 2001 and December 15, 2003, James Laplante maintained a checking account, #4850496521, at Sovereign Bank in Rhode Island, and made various ATM withdrawals and other transactions in Rhode Island.

44. On January 2, 2003, James P. Laplante added the Ford truck to his OneBeacon Insurance policy, and the declaration notes **a "change of territory" for the vehicle.** See Exhibit A

45. James Laplante was employed in warmer months of the year in the gunite business, and in the winter months he worked with his father, Joseph, doing maintenance for salons and other small business in the Rhode Island and Massachusetts area. James Laplante used his OneBeacon Insurance insured Ford truck to travel to and from his father's work sites in Rhode Island and Massachusetts. He has a Federal Income Tax W2 Form with his 217 Douglas Pike, North Smithfield address on it.

46. Between January 2, 2003 and February 23, 2003, James Laplante temporarily lived in North Smithfield, Rhode Island.

47. On occasions, when his significant other, the co-insured Corrina Brown, was not working as a restaurant manager, James Laplante would travel from Rhode Island to Vermont to be with her.

48. Rhode Island and Vermont have reciprocity laws regarding enforcement of motor vehicle laws, including mandated auto insurance.

49. The refusal by OneBeacon Insurance to pay James P. Laplante the sum of nine hundred and twenty thousand ($920,000.00) dollars is a breach of the contract.

50. As a temporary domiciliary of Rhode Island, Mr. Laplante was also the beneficiary of all privileges of a Rhode Island motorist under the United States Constitution, Article IV, Section 1 (Full Faith and Credit Clause) and the Privileges and Immunity Clause, U.S. Constitution, Article IV, Section 2.

Vermont Courts are required to recognize Rhode Island "acts ", to wit, its stacking provisions R.I.G.L.§27-7-2(i) when they are applicable to a Vermont Citizen who is a temporary domiciliary of Rhode Island.

51. Plaintiff, James Laplante, as a temporary domiciliary/ motorist in Rhode Island, was entitled to all privileges of a Rhode Island citizen, including but not limited to the privilege to drive on Rhode Island roads, and to have the benefit of its stacking provisions for uninsured motorists, designed to protect Rhode Island motorists from financial devastation caused by hit and run drivers, such as expenses incurred at Rhode Island medical facilities, and the pain and suffering experienced during his stay in those facilities.

52. OneBeacon Insurance, as an entity regulated by the state, selling automobile insurance policies, which by law was to include certain mandated statutory protections, was acting under the color of law.

53. OneBeacon Insurance, erroneously, has denied statutory coverage required to be added to the OneBeacon Insurance Automobile Insurance Policy by Rhode Island Statutes R.I.G.L.§ *27-7-2.1(a) and (i),* and Vermont statutes, 23 V.S.A. 800, 23 V.S.A. § 941, 23 V.S.A. § 942, and. 23 V.S.A. § 943.

54. The Limits of Liability clause in OneBeacon Insurance's Contract with Mr. Laplante interferes with statutorily mandated provisions required by the States of Rhode Island and of Vermont relating to uninsured coverage and medical payments coverage. Such contract limitations by the Defendant, as an implicit agent of state mandated coverages, are causing violations of the "due process"

rights of the Plaintiff, and a" taking" of his extra premiums, under the color of law through a state regulated contract.

55. The extra premiums paid by Mr. Laplante, though his state regulated insurance contract, for additional uninsured benefits and additional medical benefits are now being denied by OneBeacon Insurance in violation of his state regulated contracts. OneBeacon Insurance is denying, without a hearing, state mandated benefits from statutory overrides provided to Mr. Laplante as a condition of OneBeacon Insurance exercising the privilege of selling insurance within this state through independent insurance brokers.

56. As a domiciliary of the State of Rhode Island at the time of the accident, James P. Laplante was entitled to the protection of Rhode Island law, and, subject to protections of the Due Process clause of the Rhode Island State Constitution, Article I, §2, and its "taking" clause, Article I, §15.

57. OneBeacon Insurance, therefore, acting under color of law, has denied Mr. Laplante the protections of Due Process, as otherwise set out in the Fourteenth and Fifth Amendments of the U.S. Constitution, the Taking Clause of the U.S. Constitution, and similar provisions of the R.I. Constitution, Article I, §2, §16, which rights are otherwise protected by 42 U.S.C. § 1983 and 42 U.S.C. §1988.

58. OneBeacon Insurance denied Mr. Laplante the benefit of additional premiums he paid for extraterritorial coverage in accordance with laws of the State of Rhode Island.

59. The Plaintiff, James P. Laplante, is irreparably harmed by Defendant OneBeacon Insurance's refusal to pay his contracted insurance proceeds required by law.

60. Plaintiff is without any other remedy at law.

**Wherefore,** Plaintiff prays that this Honorable Court provide the following relief against the Defendant, OneBeacon Insurance:

i. Pay forthwith to the Plaintiff the undisputed sum of $300,000.00, without prejudice to additional disputed benefits required by the stacking of his premiums, and

ii. Provide such other relief is just and equitable in the premises, to include, but not be limited to, interest, costs, and a reasonable attorney's fee.

Respectfully Submitted,
Plaintiff'
By His Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**Count II: Declaratory Judgment On Intra Policy Stacking.**

61. Averments One (1) through Averment Sixty (60) are incorporated by reference as if fully pled herein.

62. The statutory provisions of the State of Rhode Island relating t o the stacking of uninsured coverage and for payment of medical bills were included by definition in coverage provided OneBeacon Insurance to James Laplante.

63. OneBeacon Insurance has a contractual and statutory duty to pay to James Laplante the a sum of nine hundred and twenty thousand ($920, 000.00) dollars,

pursuant to three (3) separate premiums he paid OneBeacon Insurance within one policy, for uninsured coverage, for the three (3) separate premiums paid for medical coverage, and the premium paid for property damage to his motor vehicles.

**Wherefore**, Plaintiff demands a Declaratory Judgment Against Defendant declaring that OneBeacon Insurance is obligated to pay James P. Laplante Nine Hundred and Twenty Thousand ($920,000.00) dollars, and provide such other relief that is just and equitable in the premises, including. but not be limited to, interest, costs, and a reasonable attorney's fee.

Respectfully Submitted,
Plaintiff'
By His Attorneys
Keven A McKenna

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**Count III: Breach of Contract**

64. Averments One (1) through Averment Sixty-Three (63) are incorporated by reference as if fully pled herein.

65. Defendant has breached its contract with Plaintiff, causing him to suffer damages.

**Wherefore,** Plaintiff demands Judgment Against the Defendant, OneBeacon Insurance Insurance, in sum of Sum of Nine Hundred and Twenty Thousand ($920,000) dollars, together with interests, costs and a reasonable attorney's fees, together with such other relief as is just in the premises.

Respectfully Submitted,
Plaintiff'
By His Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

**Count IV: Bad Faith**

66. Averments One (1) through Averment Sixty-Five (65) are incorporated by reference, as if fully pled herein.

67. OneBeacon Insurance has mislead and deceived James Laplante regarding the extent of coverage within its automobile insurance policy

68. BeaconOne Insurance Group has unfairly delayed payment of James Laplante's medical claims, otherwise delayed his needed medical treatments, and has unfairly failed to pay James Laplante the corrects sums due to him by its past erroneous interpretations of its own insurance contract, in disregard of the statutory provisions imposed upon its automobile insurance contract for payment of uninsured motorists claims and medical bills.

69. OneBeacon Insurance, as a regulated provider of insurance coverage is an agent of the State of Rhode Island in the implementation of mandatory insurance coverage provisions for the benefits of its insured (such as *R.I.G.L.§27-7-2.1(i)*) and acts, therefore, under the color of law.

70. By its omissions, delays, and misleading representations, OneBeacon has undermined and interfered with the governmental protections provided to James P. Laplante in Rhode Island and Vermont by the Due Process Clause, the Taking Clauses, the Full Faith and Credit Clause, and the Privilege and Immunities Clauses of the United States Constitution, and similar provisions in the Rhode Island and Vermont Constitutions, and in particular of the statutory protections provided to motorists through their insurance policies in Rhode Island, causing Laplante to suffer compensatory and exemplary damages, and to incur attorney's fees, otherwise due him, pursuant to 42 USC §1983, and 42 US §1988.
71. In violation of R.I.G.L. §9-1-33, and R.I.G.L § *27-9.1-4* (1), (5)(8), BeaconOne has acted in bad faith and engaged in unfair claim settlement acts, causing the Plaintiff to suffer compensatory damages, additional costs and attorney's fees, thus requiring an award of exemplary damages.

**Wherefore,** Plaintiff demands that this Honorable Court award to the Plaintiff compensatory damages within the jurisdiction of this Court, reasonable attorney's fees and substantial exemplary damages, together with such other relief as is just within the premises.

Respectfully Submitted,
Plaintiff'
By His Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel
401 521-5820 Fax
KevenM@McKennalaw.cc

## VERFICATION

I, James P. Laplante, being under Oath, Depose and State as follows:

1. I am a Plaintiff in this matter, and reside in Quechee, Vermont.
2. In 2002 and, in the winter and spring of 2003, I was a domiciliary of Rhode Island, living at 217 ~~Putnam~~ Douglas Pike, North Smithfield, Rhode Island.
3. I have read the factual allegations made in this Verified Complaint.
4. Those allegations of fact contained herein are true.
5. Those facts that are alleged to be true upon information and belief are true to the best of my information and belief.

Signed under the pains and penalties of Perjury this Nov, 11 day of November, 2005.

James P. Laplante

## NOTARIZATION

Before me appeared James P. Laplante, known to me, who, being under Oath, swore to the truth of the above Verification.

Keven A. McKenna
Notary Public. Keven A. McKenna
My Commission Expires: 8/9/09

**DATED:**
11-11-05

PLAINTIFF DEMANDS TRIAL
ON COUNTS III AND IV.