UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| VS. | : | C.A. NO. 05-496 ML |
| | : | |
| ONEBEACON INSURANCE GROUP | : | |

DEFENDANT'S ANSWER

FIRST DEFENSE

AS TO PRELIMINARY ALLEGATIONS

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and leaves the plaintiff to his proof.

2. The defendant admits that York Insurance Company of Maine issued a certain policy of insurance to Corrina Brown and James S. LaPlante in Vermont for the period August 29, 2002 to August 29, 2003; specifically denies that OneBeacon Insurance Group owns the assets of CU York Insurance Company of Maine; and as to the remainder of the allegations contained in paragraph 2 leaves the plaintiff to his proof.

3. The defendant denies the allegations contained in paragraph 3.

4. The defendant admits that York Insurance Company of Maine issued a certain policy of insurance, viz; YM-Z263796F to Corrina Brown and James S. LaPlante; that as of December 20, 2002 there were three vehicles listed on said policy; and that three separate premiums were charged for uninsured motorist benefits and medical payments coverage; and as to the remainder of the allegations contained in paragraph 4 leaves the plaintiff to his proof.

5. The defendant neither admits nor denies the allegations contained in paragraph 5 in that the policy of insurance referenced above speaks for itself and therefore leaves the plaintiff to his proof.

6. The defendant admits that the court has jurisdiction over declaratory judgments filed pursuant to R.I.G.L. §9-30-2 and as to the remainder of the allegations contained in paragraph 6, leaves the plaintiff to his proof.

7. The defendant denies the allegations contained in paragraphs 7, 8 and 9.

AS TO COUNT I

1. The defendant incorporates by reference its answers to paragraphs 1 through 9 as its answers to paragraph 10.

2. The defendant admits the allegations contained in paragraph 11.

3. The defendant admits the happening of an incident on February 25, 2003; that James P. LaPlante was operating a Ford F358 truck in Lincoln, Rhode Island with his father as a passenger and denies the remainder of the allegations contained in paragraph 12.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13 and 14 and leaves the plaintiff to his proof.

5. The defendant admits that on March 31, 2003 Carl Kallenberg on behalf of York Insurance Company of Maine (mistakenly named York Insurance Company) forwarded a letter to James LaPlante in Quechee, Vermont and as to the statements contained in said letter directs the plaintiff to the contents of said letter.

6. The defendant admits that James LaPlante gave a sworn statement on August 5, 2003; has provided copies of certain medical bills and as to the remainder of the allegations contained in paragraph 16 leaves the plaintiff to his proof.

7. The defendant denies the allegations contained in paragraph 17.

8. The defendant neither admits nor denies the allegations contained in paragraph 18 and leaves the plaintiff to his proof.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and leaves the plaintiff to his proof.

10. The defendant admits the allegations contained in paragraph 20.

11. The defendant denies the allegations contained in paragraphs 21, 22 and 23.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and leaves the plaintiff to his proof.

13. The defendant asserts that the policy of insurance in question does not permit intra-policy stacking and therefore admits the allegations contained in paragraph 25.

14. The defendant denies the allegations contained in paragraph 26.

15. The defendant admits the allegations contained in paragraphs 27 and 28.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and leaves the plaintiff to his proof.

17. The defendant denies the allegations contained in paragraphs 30 and 31.

18. The defendant neither admits nor denies the allegations contained in paragraph 32 and leaves the plaintiff to his proof.

19. The defendant admits that the aforementioned policy of insurance provides uninsured motorist coverage pursuant to Endorsement G131156 03 02 to James LaPlante and denies the remainder of the allegations contained in paragraph 33.

20. The defendant denies the allegations contained in paragraphs 34, 35 and 36.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and leaves the plaintiff to his proof.

22. The defendant denies that the plaintiff was living at 217 Douglas Pike, North Smithfield, Rhode Island prior to the accident and is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 38 and leaves the plaintiff to his proof.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 39, 40, 41, 42 and 43 and leaves the plaintiff to his proof.

24. The defendant admits that on December 20, 2002 a certain 1978 Ford F378 vehicle was added to the aforementioned policy of insurance and denies the remainder of the allegations contained in paragraph 44.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and leaves the plaintiff to his proof with the exception that if the said Ford motor vehicle was used for business it was being used contrary to the terms and provisions of the aforementioned policy of insurance.

26. The defendant denies the allegations contained in paragraph 46.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and leaves the plaintiff to his proof.

28. The defendant neither admits nor denies the allegations contained in paragraph 48 in so far as such allegations call for legal conclusions rather than the admission or denial of facts and, therefore, the defendant leaves the plaintiff to his proof.

29. The defendant denies the allegations contained in paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60.

## AS TO COUNT II

1. The defendant incorporates by reference its answers to paragraphs 1 through 60 as its answers to paragraph 61.

2. The defendant denies the remainder of the allegations contained in Count II.

## AS TO COUNT III

1. The defendant incorporates by reference it answers to paragraphs 1 through 63 as its answers to paragraph 64.

2. The defendant denies the remainder of the allegations contained in Count III.

## AS TO COUNT IV

1. The defendant incorporates by reference its answers to paragraphs 1 though 65 as its answers to paragraph 66.

2. The defendant denies the remainder of the allegations contained in Count IV and the remainder of the allegations contained in the plaintiff's complaint.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted and therefore this action is barred.

## THIRD DEFENSE

The defendant hereby relies upon the law of the State of Vermont in such cases made and provided, including the statutory law of the State of Vermont.

## FOURTH DEFENSE

The defendant hereby places the plaintiff on notice that it will rely upon the law of the State of Vermont both statutory and case law and that the said law of the State of Vermont bars the within action.

FIFTH DEFENSE

The plaintiff's claim is barred, in whole or in part, to the extent that the matter alleged in the complaint is barred by the applicable terms, conditions, limitations and exclusions of the policy.

SIXTH DEFENSE

The defendant does not own the assets nor the liabilities of CU York Insurance Company and/or York Insurance Company of Maine and therefore this action is barred.

SEVENTH DEFENSE

The defendant affirmatively pleads insufficiency of process, insufficiency of service of process and lack of service of process as a bar to the within action.

EIGHTH DEFENSE

The complaint fails to state a claim upon which relief can be granted in that there is no legal entity, OneBeacon Insurance Group, and therefore this action should be dismissed.

NINTH DEFENSE

The defendant gives notice that the proper party is York Insurance Company of Maine.

CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272

Defendant hereby demands a trial by jury on all claims so triable.

CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272

CERTIFICATION

I hereby certify that that a true copy of the within was mailed to Kevin A. McKenna, Esquire, 23 Acorn Street, Providence, RI 02903 on the 2nd day of December, 2005.

Mary Ann Pisecki