UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 05-496 ML |
| | : | |
| OneBEACON INSURANCE GROUP | : | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUBSTITUTION

Defendant, OneBeacon Insurance Group hereby moves to dismiss the plaintiff's Complaint and asserts as grounds therefore, that the named defendant, OneBeacon Insurance Group is not the entity which contracted with the plaintiff or provided insurance coverage to the plaintiff. The correct entity, as indicated on the policy documents themselves, is York Insurance Company of Maine. The defendant has repeatedly offered to substitute York Insurance Company of Maine for OneBeacon Insurance Group, but the plaintiff has refused to do so. In support of this Motion, the Court is respectfully referred to the Memorandum of Law and Affidavits filed by the defendant contemporaneously herewith in connection with its Objection to the plaintiff's Motion for Remand.

WHEREFORE, the defendant respectfully requests that its motion be granted and that the plaintiff's claim be dismissed or that the Court order the substitution of York Insurance Company of Maine for OneBeacon Insurance Group as defendant.

OneBEACON INSURANCE GROUP
By its Attorneys,
CARROLL KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404

## CERTIFICATION

I hereby certify that I mailed a true copy of the within to Kevin McKenna, Esq., 23 Acorn Street, Providence, RI, 02903 on this 17th day of January, 2006.

________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| vs. | : | C.A. No. 05-496 ML |
| OneBEACON INSURANCE GROUP | : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS OR FOR SUBSTITUTION

In support of its Motion to Dismiss or for Substitution, the defendant hereby incorporates the arguments advanced in its Memorandum filed contemporaneously herewith in Support of its Objection to the Plaintiff's Motion for Remand (copy attached hereto). The title of that Memorandum encompasses both this Motion and the Objection to the Motion for Remand since the Motion and the Objection are so interrelated that filing two separate Memoranda appeared needlessly duplicative. This separate Memorandum is filed solely to meet the Court Clerk's filing requirements.

OneBEACON INSURANCE GROUP
By its Attorneys,
CARROLL KELLY & MURPHY

C. Russell Bengtson

C. RUSSELL BENGTSON #1233 pab
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404

CERTIFICATION

I hereby certify that I mailed a true copy of the within to Kevin McKenna, Esq., 23 Acorn Street, Providence, RI, 02903 on this 17th day of January, 2006.

/ Buckley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES P. LAPLANTE :
:
vs. : C.A. No. 05-496 ML
:
OneBEACON INSURANCE GROUP :

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO THE PLAINTIFF'S MOTION FOR REMAND AND IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS OR FOR SUBSTITUTION

## I. PRELIMINARY STATEMENT

The plaintiff's Motion for Remand and the defendant's Motion to Dismiss or for Substitution revolve around a single, simple issue: the plaintiff's fundamental and persistent misunderstanding, factually and legally, of the proper party defendant here. The insurance contract at the heart of this dispute was entered into between the plaintiff and York Insurance Company of Maine (formerly known as CU York Insurance Company) – about this demonstrable fact there is no dispute. Yet the plaintiff has insisted on naming "OneBeacon Insurance Group" as defendant, insisted on refusing to recognize that OneBeacon Insurance Group is a legitimately existing Delaware limited liability company and has refused to correct his errors despite counsel's offer to substitute the correct defendant. Lacking any factual basis for his motion, the plaintiff's Memorandum, which is unaccompanied by any affidavit or other competent evidence, resorts to placing unsubstantiated bits and pieces of hearsay before the Court and relies upon conjecture and half-truths as a

substitute for admissible evidence and reasoned argument.

This matter is properly before this Court based on the complete diversity between the parties – both as named and as the defendant should have been named – and the plaintiff's action should be dismissed as against OneBeacon Insurance Group or he should be forced to name the proper party, York Insurance Company of Maine.

## II. FACTS

OneBeacon Insurance Group is a limited liability company, properly named OneBeacon Insurance Group LLC ("OneBeacon"), formed in Delaware with a principal place of business on Beacon Street in Boston, Massachusetts. Affidavit of Dennis R. Smith, filed contemporaneously herewith at paragraph 2 and Exhibit A thereto (hereafter "Smith Aff. at __"). One Beacon is a holding company, the sole purpose of which is to own various incorporated insurance companies. Smith Aff. at 4. It does not directly sell insurance, underwrite insurance or collect insurance premiums. Id. These actions are undertaken solely and independently by the insurance corporations which OneBeacon owns. Id.

York Insurance Company of Maine ("York") is one of the insurance companies that is owned by OneBeacon. Smith Aff. at 6. Specifically, it is a wholly owned subsidiary of OneBeacon American Insurance Company, a Massachusetts corporation, which is a wholly owned subsidiary of OneBeacon Insurance Company, a Pennsylvania corporation, which is, in turn, a wholly owned subsidiary of OneBeacon Insurance Group LLC. Id. Mr. Smith is the corporate secretary for York, which is incorporated in the State of Maine and has its principal place of

business there. Id. At 7. York is actively engaged in the business of writing insurance policies and, by way of example, had direct premiums earned of $186,000,000.00 in 2004. Id. It is an entirely separate corporate entity from OneBeacon. Id. At 6. York was formerly known as Commercial Union York Insurance Company or CU York Insurance Company until its name was changed to York Insurance Company of Maine in October of 2001. Id. At 8.

As noted by Mr. Smith, OneBeacon's insurance company subsidiaries also use the trade name of "OneBeacon Insurance" or "OneBeacon Insurance Group" as a shorthand method of simply referring to all of the insurance companies OneBeacon owns as a group. Id. at 5. This common practice refers not to a specific entity, but to all of the entities owned by OneBeacon. Id. All insurance policies issued by companies owned by OneBeacon state clearly which of the companies owned by OneBeacon is the actual issuing company for that particular policy. Id.

There is no question, here, that the plaintiff was involved in an automobile accident in Rhode Island on February 23, 2003. There is also no question that at the time of the accident, the vehicle he was driving was covered for liability and uninsured motorist coverage under an automobile policy issued to the plaintiff and Corrina Brown ("Brown") at their listed home address of P.O. Box 909, Quechee, Vermont, 05059. Affidavit of Steven P. Schroeder, filed contemporaneously herewith, at paragraph 2 (hereafter "Schroeder Aff. at __"). Attached to the Schroeder Affidavit as Exhibit A is a copy of the renewal policy in issue ("the Policy"). Page one of the Declarations pages states the Policy number and the

company issuing the Policy in the upper left hand corner: CU York Insurance Company. Mr. Smith executed the Policy in his capacity as secretary for CU York Insurance Company. In addition, included in Exhibit A are copies of the Vermont Automobile Insurance Identification Cards issued to the plaintiff and Brown at the time that the Policy was issued. Again, these cards all list the company providing insurance to the plaintiff as CU York Insurance Company. No reference to OneBeacon appears on the Insurance Identification cards. The logo "OneBeacon Insurance" appears in the upper right hand corner of the pages of the Policy and a OneBeacon Insurance Group Privacy Policy was included in the package.

Attached to the Schroeder Affidavit as Exhibit B is a change endorsement, issued on November 17, 2002 and effective July 25, 2002, that transmitted to the plaintiff and Brown new Vermont Automobile Insurance Identification Cards for their insured vehicles because the name of CU York Insurance Company had been changed to York Insurance Company of Maine. Indeed, the plaintiff states in his Memorandum at page 13 that he had previously been informed of this name change through receipt of an endorsement. The Memorandum quotes from the notification he received on August 12, 2002: "Last June, CGU and its many affiliated underwriting companies became OneBeacon Insurance Group. As part of the final transition, we are changing the names of some of our underwriting companies to match our OneBeacon identity. <u>You'll find the new name of the OneBeacon Company that writes your insurance listed in the enclosed endorsement form</u> . . ." Emphasis added. Interestingly, the plaintiff's Memorandum does not then state that the name of the company that was so listed was York Insurance Company of

Maine.

By endorsement issued on January 2, 2003 with an effective date of December 20, 2002, the vehicle involved in this loss was added to the Policy for the first time. Exhibit C to the Schroeder Affidavit. This endorsement included a Vermont Automobile Insurance Identification Card for the vehicle which listed the company providing coverage as York Insurance Company of Maine. The endorsement itself also states in the upper left hand corner that York Insurance Company of Maine is the company providing coverage.

It should be noted that the underlying dispute in this case has arisen because the plaintiff has asserted entitlement to stack the coverages for the three vehicles insured through the York Insurance Company of Maine policy. The insurer denies that stacking is appropriate in this case and relies upon the law of the state of Vermont – the jurisdiction where the policy was issued, the stated location of the plaintiff and Brown at the time that the policy and endorsements were issued and the location where they represented to the insurer the 1978 Ford was garaged. The plaintiff claims to have been a temporary domiciliary of the state of Rhode Island at the time of the accident and seeks to apply Rhode Island law to the stacking issue.

In August of 2004, the plaintiff's former attorney, Michael R. Egan, Esq., commenced an action in the Kent County Superior Court, C.A. No. KC04-689, against the plaintiff, his father who was a passenger in the plaintiff's vehicle at the time of the February 23, 2003 accident, and "OneBeacon Insurance Group d/b/a One Beacon Insurance Company." Mr. Egan's Complaint, copy attached as Exhibit 1, alleges that the plaintiff retained Mr. Egan to represent him with respect to his

claim against his insurer but terminated Mr. Egan's representation once the insurer made a settlement offer of $300,000.00 to settle the claims of the plaintiff and his father. Mr. Egan sought an apportionment of any settlement funds to be obtained by the plaintiff to pay his fee. The Complaint contains no causes of action against the insurer. In the answer filed by OneBeacon, the factual allegations of the Complaint stating that the plaintiff had contracted with OneBeacon for insurance and identifying OneBeacon Insurance Group as doing business as OneBeacon Insurance Company in Rhode Island were specifically denied. See Answer attached hereto as Exhibit 2. Ultimately, Mr. Egan and the plaintiff resolved their dispute by the plaintiff's payment to Mr. Egan of $60,000.00 in November of 2005 and the dismissal of OneBeacon from the suit. See Stipulations and Order attached hereto as Exhibits 3 and 4, respectively. Aside from OneBeacon being improperly named as a defendant to the Kent County proceeding, it was not involved in the action or its resolution since the dispute was no more than a claim for legal fees from the plaintiff's prior counsel.

On November 17, 2005, OneBeacon was served with the Complaint in this matter which had been filed in the Kent County Superior Court, C.A. No. 05-1019. At the same time that he filed the Complaint, the plaintiff also filed a Motion for Summary Judgment and a "Motion to Disburse Undisputed Amount" which he scheduled for hearing on December 9, 2005 – a date that would have fallen just barely outside the twenty day answer period for the defendant. The defendant removed this matter to this Court on November 30, 2005. Contrary to the representations of the plaintiff in his Memorandum, prior to removal to this Court,

the Kent County Court had taken no action of any kind on this matter. Indeed, the defendant had not even filed its Answer at the point that this matter was removed. The civil action brought by Attorney Egan for his fees, did not involve, decide or consider any of the issues raised by the Complaint in this action. The plaintiff has engaged in unsupported hyperbole, at best, when he states in his Memorandum at page 28 that he had "carefully briefed his legal position before a Justice of the Rhode Island Superior Court who had been well briefed by the parties regarding their various legal positions . . ." at the point this case was removed.

Against this backdrop, the plaintiff has now brought this Motion to Remand, arguing that the plaintiff's conscious decision to improperly name the defendant in this matter as OneBeacon Insurance Group, somehow creates confusion about the corporate status of OneBeacon Insurance Group, LLC that divests this Court of diversity jurisdiction. The defendant has moved to dismiss this action on the grounds that the plaintiff has named the wrong party defendant. In the alternative, the defendant requests that the proper defendant, York Insurance Company of Maine, be substituted for OneBeacon Insurance Group, LLC. Finally, the plaintiff argues that if the Court determines that diversity jurisdiction is proper, it should abstain from exercising that jurisdiction on the grounds that the issues involved are "complicated questions of state insurance regulation." Plaintiff's Memorandum at 19.

## III. ARGUMENT

### A. This Court Has Proper Diversity Jurisdiction Over This Matter and York Insurance Company of Maine is the Proper Party Defendant

OneBeacon is a properly formed and existing limited liability company. It

was formed in the state of Delaware and maintains its principal office in the Commonwealth of Massachusetts. These facts are beyond dispute. The plaintiff variously maintains that he is a resident of either Vermont or Rhode Island, depending upon the issue he is arguing and the advantage to be gained. In either case, he is not a resident of either Delaware or Massachusetts. The plaintiff claims damages in this proceeding of at least $900,000.00 – the policy limit of $300,000.00 stacked for each of the three vehicles covered by the Policy. See the plaintiff's Complaint, paragraph 22.

Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different States. §1332 (a)(1). Subsection (c)(1) provides that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." It is beyond dispute that there is complete diversity between the plaintiff and OneBeacon and that OneBeacon has satisfied the statutory standard for diversity jurisdiction.

It should be noted that there is also complete diversity between the plaintiff and the party with which the plaintiff contracted for the insurance coverage at issue here: York Insurance Company of Maine ("York"). York is a Maine corporation with a principal place of business in Maine. The fact that it transacts business in Vermont, where the plaintiff has admitted residence, is of no consequence to this analysis.

Faced with this insurmountable obstacle to the remand of this matter, the

plaintiff has taken a novel approach: he argues that his decision to simply omit the "LLC" designation from OneBeacon's name in the caption of this case somehow converts OneBeacon into an "unincorporated association" and denies to OneBeacon the designation of "citizenship" in its state of incorporation and location of its principal place of business. The plaintiff cites no law to support this outrageous theory for the very good reason that none exists. The plaintiff cannot convert a legally formed and existing limited liability corporation into an unincorporated association by simply getting its name wrong or, more to the point here, by purposefully stating its name wrong in the caption of a case. OneBeacon is a legal corporation and as such, has properly relied upon its place of incorporation and the location of its principal place of business in invoking this Court's diversity jurisdiction. The plaintiff's Motion for Remand is fatally flawed.

Related to this discussion, however, is the plaintiff's failure to name the proper defendant in this case. There is simply no question that the policy of insurance and endorsements under which the plaintiff makes his claim, here, were issued by York. The documents in issue prominently state this as a fact, the Vermont Insurance Identification Cards issued to the plaintiff state this as a fact, and the correspondence which the plaintiff admits to having received in August of 2002 states this as a fact.

It is also true that York is one of many companies which is owned as a wholly owned subsidiary, through other companies, by OneBeacon. As Mr. Smith's affidavit makes clear, OneBeacon is strictly a holding company – it does not issue insurance polices or underwrite risks. It simply owns other companies – a common

corporate practice which the plaintiff attempts to paint as somehow nefarious.[1] The determination of York's ultimate owner, however, does not change the fundamental fact of York's existence as a corporate entity, the fact that it was the entity that did business with the plaintiff, here, and that fact that it underwrote this risk. The mere placement of the trade name of "OneBeacon Insurance" on some of the stationary involved in the transaction as a way of advising insureds of York's lineage, does not nullify any of these facts. In fact, OneBeacon went out of its way to make certain that the plaintiff knew precisely who he was dealing with when it sent him the August 12, 2002 letter explaining about the interrelation of OneBeacon and York.

It is beyond comprehension why, when faced with these facts, the plaintiff chose to sue "OneBeacon Insurance Group" instead of York and why the plaintiff has persistently refused the defendant's offers to amicably substitute York. There is simply no question that York is the proper party defendant, here and the pages and pages of unsubstantiated "internet" information about OneBeacon and its corporations that the plaintiff has included in his Memorandum are not only irrelevant, they do not alter that fact.

Finally, the plaintiff demands that OneBeacon identify its motives behind removal of this case and notes that OneBeacon has not "presented an iota of evidence" that Rhode Island state courts "have any bias toward it as a business entity." Simply put, these inquiries have no business being raised in the context of

[1] The plaintiff has included in his Memorandum pages and pages of unsubstantiated, unauthenticated "internet" research into various corporations which he believes are related to OneBeacon in an effort to bolster his claim that OneBeacon's status is, somehow, difficult to ascertain or confusing, despite the fact that everything the plaintiff needs to know about OneBeacon is on file with the Massachusetts Secretary of State. In any case, none of this material is relevant to the issue before the court and none of it has been properly placed into evidence. The plaintiff's time might have been more productively spent researching the entity with which he contracted, here, prior to initiating this lawsuit.

this Motion. The defendant has exercised its statutory right to remove this matter to a Court where it feels it will be guaranteed a just hearing and a level playing field – particularly since the defendant has invoked the application of Vermont law to this dispute. It is not required to justify its choice to the plaintiff – only to comply with the statutory requirements to exercise its right. It has. The plaintiff's Motion to Remand must be denied.

B. There Are No Grounds For Abstention

The plaintiff has also argued that this court should abstain from exercising jurisdiction over this matter because it involves "the traditional state automobile insurance regulatory thicket." Memorandum at page 20. Indeed, the plaintiff asserts that this Court is "not otherwise suited for handling state regulatory issues" and will be "second guessing" both state courts and the General Assembly by exercising jurisdiction over this matter. Id. at pages 20 and 22. Despite the plaintiff's best efforts to paint this dispute as one involving complicated insurance regulatory issues, it is, in actuality, about rather run of the mill topics: insurance contract construction concerning stacking of uninsured motorist benefits, and whether Rhode Island or Vermont law applies to the determination of that issue. None of these issues are the type that require the peculiar handling of a Rhode Island state court.

It is well settled that abstention from the exercise of federal jurisdiction is the exception, not the rule. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244 (1976).

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its

> jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. County of Allegheny v. Frank Mashuda Co, 360 U.S. 185, 188-189, 79 S.Ct. 1060, 1063 (1959) as quoted in Colorado River Water Conservation Dist. v. United States, *supra*.

The mere fact that a state court is available to hear the matter does not support exercise of the Court's abstention discretion. Alabama Pub. Serv. Comm'n v. Southern R. Co., 341 U.S. 341, 361, 71 S.Ct. 762, 774 (1951). Indeed, other than the rare exception, federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." " Colorado River Water Conservation Dist. v. United States, 424 U.S. at 817. The Supreme Court has specifically noted that abstention "rarely should be invoked." Ankenbrandt v. Richards, 504 U.S. 689, 704, 112 S.Ct. 2206 (1992).

The plaintiff here argues for the exercise of "Burford" abstention, Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098 (1943). As explained by the First Circuit in Fragoso v. Lopez, 991 F. 2d 878 (1st Cir., 1993), the Burford doctrine, as modified by New Orleans Pub. Serv. Inc. v. City Council of New Orleans, 491 U.S. 350, 360-64, 109 S. Ct. 3506, 2513-16 (1989),:

> [C]ounsels federal courts 'sitting in equity' to refrain from interfering with 'proceedings or orders of state administrative agencies' when 'timely and adequate state court review is available' and:
>
> (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the

> question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern'.

Here, the plaintiff fails to even vault the initial hurdle to the application of Burford abstention since this Court is "not being asked to review the actions or decision of any state body, be it judicial or administrative." Fragoso, *supra*, at 883. For this reason and this reason alone, Burford abstention is not relevant. In addition, while the plaintiff has included a declaratory judgment count in his complaint (Count II), it is, at base, a breach of contract and bad faith action against the defendant (Counts III and IV). The plaintiff seeks monetary damages for his remedy and the declaration that he seeks in Count II of the Complaint is for a monetary judgment against the defendant. Finally, contrary to the plaintiff's representations in his Memorandum that no federal questions are implicated by this case, Count I of his complaint alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution, a violation of the "Takings Clause" of the United States Constitution and violations of 42 U.S.C. §1983 and §1988. Complaint at paragraph 57. No matter what the plaintiff calls this action, it is not equitable in nature.

The plaintiff's reliance on Burford abstention is similarly misplaced when one considers the subject matter of this suit: it requires the application of either a Rhode Island or a Vermont stacking statute to the set of facts presented here. There are no "complex, policy-laden, state-law issues" that render federal court review inappropriate and no issues of over-riding import that "transcend the result" in this case. As noted by Judge Selya about the Fragoso case:

> The action merely entails the application of a Puerto Rico statute of limitations, frequently interpreted in the

> past, to an idiocratic set of facts. Thus, the first avenue to *Burford* abstention is a dead end. And, moreover, even if difficult or unresolved questions of local law were present – and we descry none – the presence of such questions, without more, would not justify abstention by a federal court properly sitting in diversity.
>
> . . .
>
> After *NOPSI* [New Orleans Pub. Serv., Inc.], *Burford* abstention is only appropriate where federal decision-making demands "significant familiarity with . . . distinctively local regulatory facts or policies. Id., at 883 and 884.

Just as this was not the case relative to the state insurance liquidation regulatory framework in Fragoso, it is not the case, here. In fact there are no distinctively local regulatory facts or policies implicated by this case – only the established law of Rhode Island and Vermont on the stacking of uninsured motorist coverage. This Court will be asked to determine which state's law applies and then to apply it to the facts of the case. There is simply nothing in this case that even remotely presents the level of complexity, uncertain state law, public concern, or state policy making that drives abstention considerations. No decision by this Court will "impair efforts to implement state policy." Colorado River, *supra*, at 815.

The plaintiff's attempts to convince this court of the obscure and complex nature of this matter are unavailing. Contrary to the plaintiff's representations, this case has nothing whatsoever to do with "state regulatory issues" or the state of Rhode Island's regulation of "out of state insurers". (Memorandum at page 20). The plaintiff has demanded that the uninsured motorist coverage afforded to him under the automobile policy issued to him in Vermont at his Vermont home for a vehicle represented by him as garaged in Vermont should be stacked under Rhode

Island law. His insurer disagrees and asserts the application of Vermont law. With all of the plaintiff's hyperbole and exaggerations put aside, this is what this case is all about. There is no reason why this Court should not proceed to exercise its "virtually unflagging obligation to exercise the jurisdiction" given to it, here. The plaintiff has failed to articulate even one competent basis to make this case the "rare exception" for the application of this Court's abstention discretion.

## IV. CONCLUSION

For all of these reasons, defendant OneBeacon Insurance Group, LLC respectfully requests that the plaintiff's Motion for Remand be denied and that the defendant's Motion to Dismiss or in the Alternative, to Substitute York Insurance Company of Maine for OneBeacon Insurance Group, LLC, be granted.

OneBEACON INSURANCE GROUP
By its Attorneys,
CARROLL KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404

CERTIFICATION

I hereby certify that I mailed a true copy of the within to Kevin McKenna, Esq., 23 Acorn Street, Providence, RI, 02903 on this 17th day of January, 2006.