**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FILED
FEB 06 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **James P. Laplante,** | : | |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | |
| | : | **C.A. No. 05-496 ML** |
| **OneBeacon Insurance Group,** | : | |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS, OR TO SUBSTITUTE ITSELF WITH ANOTHER DEFENDANT**

Now comes the Plaintiff in the above-entitled matter, a Verified Complaint, and Objects to Defendant's Motion to Dismiss, or, in the alternative, to substitute itself with another Defendant.

As grounds for his Objection, Plaintiff relies upon his Verified Complaint, the Affidavit of Joseph Laplante, and anticipated additional Affidavits, Plaintiff's state court Memoranda, now filed in this Court, his initial attached Memorandum In Support of his Objection to Defendant's Motion To Dismiss Or To Substitute, his further discovery to be taken, and, within the next thirty (30) days, a Supplemental Memorandum to be provided in Opposition to conversion by this Honorable Court of Defendant's Motion To Dismiss to a Proceeding for Summary Judgment.

Respectfully submitted,
**Plaintiff**
James P. Laplante
By His Attorney

Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

## CERTIFICATION

I hereby certify that on the 6th day of February 2006, I mailed a copy of the within Memorandum, first class postage prepaid, to the Attorneys for OneBeacon Insurance Group, C. Russell Bengsten, Esq., and Patricia Buckley, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.

2/6/2006 4:00 PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante**<br>**Plaintiff** | : | |
| **Vs.** | : | **C.A. No. 05-496 ML** |
| **OneBeacon Insurance Group**<br>**Defendant** | : | |

**PLAINTIFF'S INITIAL MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S MOTION TO DISMISS, OR TO AMEND PLAINTIFF'S COMPLAINT TO SUBSTITUTE YORK INSURANCE COMPANY OF MAINE FOR "ONEBEACON INSURANCE GROUP" AS THE DEFENDANT.**

On or about November 30, 2005, Defendant, "OneBeacon Insurance Group" entered its appearance in this Court, and filed a Notice of Removal from the R.I. Kent County Superior Court of James P. Laplante v. OneBeacon Insurance Group, C.A. No. K.C. 1019. In its Notice of Removal, Paragraph 3, "OneBeacon Insurance Group" averred that "The **defendant** and the plaintiff are **citizens of different states** and there is complete diversity with the meaning of Title 28 U.S.C. Section 1332".

In its Answer on December 2, 2005, as its eighth defense, "OneBeacon Insurance Group" urges that the Complaint, which it has now removed, be dismissed because **"there is no legal entity"** OneBeacon Insurance Group. In its ninth defense, "OneBeacon Group" then urges that the proper Defendant is "York Insurance Company of Maine".

On January 17, 2006, "OneBeacon Insurance Group", an allegedly non-existent entity, filed a Motion to Dismiss the Complaint, already then removed, on the grounds that "York Insurance Company of Maine" should have been the Defendant named in

Plaintiff's Verified State Court lawsuit. The present, allegedly non existent, Defendant, "OneBeacon Insurance Group", in its January 17, 2006 Motion, then asks this Court to amend the Plaintiff's State Court Complaint, and substitute York Insurance Company of Maine as the proper Defendant. At the same time, the present Defendant, "OneBeacon Insurance Group", further objects to Plaintiff's Motion to Remand this case to State Court because of a lack of complete diversity. A Defendant, alleged to not exist, requests affirmative relief from this Court.

If averments by "OneBeacon Insurance Group", made on December 2, 2005, and January 17, 2006, are correct, this suit should not have been removed on November 30, 2005. As provided in 28 U.S.C. § 1441(a) and (b)[1], to support a removal proceeding, diversity must have existed at the time the initial complaint was filed *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, 571 (2004)[2]. "OneBeacon Insurance Group" cannot attempt to create diversity, after the fact of removal, by now substituting a

---

[1] ***28 U.S.C. § 1441***. Actions removable generally.
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

[2]. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, 571 (2004) It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan* v. *Torrance*, 9 Wheat. 537, 539 (1824). This time-of-filing rule is hornbook law (quite literally)[fn2]taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. (Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment. See *Capron* v. *Van Noorden*, 2 Cranch 126 (1804).)
We have adhered to the time-of-filing rule regardless of the costs it imposes."

Defendant in Federal Court, in a case where the current, single Defendant argues that it does not exist.

If OneBeacon Insurance Group's averments that "OneBeacon Insurance Group" does not exist are correct, it cannot be a citizen of any state--- if it does not exist. How can a non-existent group be a citizen of one state, or any state? If "OneBeacon Insurance Group" did not exist in the first place, it did not have any grounds to remove this case from state court in the second place. The averments made in Defendant's January 17, 2006 Motion to Dismiss "OneBeacon Insurance Group" clearly contradict its November 30, 2005 Federal Court Petition to Remove.

If this Court does not have jurisdiction over a non-existent entity in the first place, how does it gain jurisdiction in the third place, sufficient to dismiss a state court Complaint over which it did not have jurisdiction in the in the first place? If this Court does not have jurisdiction over a non-existent entity in the first place, then how does it gain jurisdiction and authority in the third place, sufficient to amend Plaintiff's Verified state court Complaint? One party does not have a right to amend another's pleadings.

The Defendant simply has no basis to now amend Plaintiff's state court Verified Complaint[3] to change the named Defendant to create diversity, after the fact of its improper Removal Petition.[4]

The Plaintiff has sued the correct party Defendant.

---

[3] Fed. Civ. 15. "*** a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

[4] *Simpson v. Providence Washington Ins. Group*, 608 F.2d 1171,*1174*, (9th Cir. 1979). We acknowledge that assignments of causes of action between parents and subsidiaries are presumptively ineffective to create diversity jurisdiction. Prudential Oil Corp. v. Phillips Petroleum Co.,546 F.2d 469, 475 (2d Cir. 1976); Green & White Construction Co. v. Cormat Construction Co.,361 F. Supp. 125, 127-28 (N.D.Ill. 1973).

The Plaintiff, James Laplante, initially prosecuted his claim against Defendant as the real party in interest, pursuant to Rule 17(a) of the Rhode Island Rules of Civil Procedure. Federal Rule 17 (a) also only applies to a Plaintiff.[5] A Plaintiff has the sole right to determine whom he sues, not a Defendant. Compare the analysis in *Simpson v. Providence Washington Ins. Group, 608 F.2d 1171,1173, Fn2,* 1174, (9th Cir. 1979)[6],[7]. This is not a case that could have brought in the first instance in a federal court.[8]

---

[5] Fed.R.Civ.P. 17(a). Rule 17(a) is not jurisdictional and relates only to the proper parties and the capacity to sue. As the Supreme Court observed in *Navarro Savings Association v. Lee,*446 U.S. 458, 462 n. 9, 100 S.Ct. 1779, 1782-83 n. 9, 64 L.Ed.2d 425 (1980), Rule 17(a) frequently overlaps with the jurisdictional rule that diversity jurisdiction depends on the citizenship of the real parties to the controversy, but "the two rules serve different purposes and need not produce identical outcomes in all cases."

[6] *Simpson v. Providence Washington Ins. Group*, 608 F.2d 1171,1174 (9th Cir. 1979). A plaintiff ordinarily is free to decide who shall be parties to his lawsuit. *See McDonald v. General Mills,Inc.*, 387 F. Supp. 24, 38 (E.D.Cal. 1974); 7 C. Wright & A. Miller, Federal Practice and Procedure, § 1602, p. 17, (1972). *** The potential liability of other parties was a matter plaintiffs' counsel might have assiduously explored through discovery devices. It was not incumbent on Lincoln to propose as additional defendants persons the Roches, as masters of their complaint, permissively might have joined.

[7] *Simpson v. Providence Washington Ins. Group, 608 F.2d 1171,1173, Fn2,* (9th Cir. 1979). "The real party in interest concept is correctly applied only to those persons prosecuting an action, not to a defendant. *See* Fed.R.Civ.P. 17; 6 C. Wright & A. Miller, Federal Practice and Procedure §§ 1543 *et seq.*, p. 643 (1971)."

[8] *Lincoln Property Co. v. Roche*, 04-712 (U.S. 2005). This case concerns 28 U.S.C. § 1441, which authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court. § 1441(a). When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." § 1441(b). *** Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. *** We granted certiorari, 543 U.S. 1186 (2005), to resolve a division among the Circuits on the question whether an entity not named or joined as a defendant can nonetheless be deemed a real party in interest whose presence would destroy diversity. Compare373 F. 3d, at 620-622, with *Plains Growers, Inc.* v. *Ickes-Braun Glasshouses, Inc.*, 474 F. 2d 250, 252 (CA5 1973) ("The citizenship of one who has an interest in the lawsuit but who has not been made a party . . . by plaintiff cannot be used by plaintiff on a motion to remand to defeat diversity jurisdiction."), and *Simpson* v.

Pursuant to *R.I.G.L.*§ 9-5-33, Rhode Island's minimum contacts law, Defendant, "OneBeacon Insurance Group" was sued in Kent County Superior Court by Plaintiff herein as an unincorporated control group for White Mountains, Ltd.'s. affiliated insurance companies, two of which include members doing business in Rhode Island as registered insurance companies with the right to sue, and be sued, here like any other citizen of the State, and some of which now write policies formerly issued by Providence-Washington Insurance Group (among its other affiliates)

While "OneBeacon Insurance Group" is an correct defendant as an unincorporated group under R.I.'s minimum contacts law in Kent County Superior Court, it is not a correct Defendant in the Federal Court due to lack of complete diversity. Since some of its members can sue or be sued in Rhode Island, they have the same rights in that capacity as "citizens of Rhode Island.

"OneBeacon Insurance Group" is a control of insurance companies for its owner, White Mountains, LTD, of Bermuda which consists of 29 members according to its latest report to Insurance Commissioners of Massachusetts and California, (Exhibit 2.) and consisting of 22 members according to the June 2005 data reported to A.M. Best Insurance Company. (Exhibit 3). At least two members of the OneBeacon Insurance Group operate in Rhode Island,

---

*Providence Washington Ins. Group*, 608 F. 2d 1171, 1173-1175 (CA9 1979) (Kennedy, J.) (upholding removal where Alaska plaintiff sued Rhode Island parent company without joining as well potentially liable Alaska subsidiary, and the parties did not act collusively to create diversity jurisdiction).*** An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars
removal on the basis of diversity if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."[fn6] (Emphasis Added).

Defendant, OneBeacon Insurance Group is not a corporation. It is an unincorporated Control Group, ultimately responsible for the complete management of at least 22 separate, subordinate, satellite entities, including two which do business in Rhode Island, and one which does business in Rhode Island and Massachusetts. See Attached Appendix and Exhibits.

The members of the OneBeacon Insurance Group in Rhode Island include OneBeacon American Insurance Company, (NAIC 20621); OneBeacon Insurance Company, (NAIC #21970), and, OneBeacon Insurance Risk Management, Inc. The renewal contracts of Providence Washington Insurance Company, (NAIC 24295) and Washington Insurance Company, (NAIC 24295) have been assumed by OneBeacon Insurance Group since June of 2004.

According to the public records of the R.I. Insurance Commissioner, two (2) of the members of the OneBeacon Insurance Group are licensed to do business in Rhode Island by the Rhode Island Insurance Commissioner, to wit, OneBeacon American Insurance Company, (NAIC 20621) of 1 Beacon Street, Boston, Ma. 02108 at telephone number 1 866-299-7064; OneBeacon Insurance Company, (NAIC #21970), of 1 Beacon Street, Boston, Ma. 02108 at telephone number 1 866-299-7064.

According to the public records of the R.I. Insurance Commissioner, there are two R.I. Companies listed to sell insurance, which sold their insurance renewal rights to OneBeacon Insurance Group in June of 2004. They are the Washington Insurance Company, (NAIC 24295, 88 Boyd Street, East Providence, Rhode Island 02914, and, York Insurance Company, (NAIC #24325), of 88 Boyd Street, East Providence, Rhode Island 02914. As such, they must be registered in Rhode Island with the Insurance

Commissioner (RIGL 27-2-1, et. seq.) as a necessary condition of doing business in this State (RIGL 27-2-13). Because of its structure, and method of doing business, Defendant OneBeacon Insurance Group clearly is subject to the authority of *Carden v. Arkoma Associates,* 494 U.S. 185, 192-195 (1990) also cited in *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 576 (2004).

In *Carden, supra.,* the Supreme Court held that, with regard to establishing citizenship of **all** artificial entities, **other than that of corporations**, the existence of complete diversity is to be determined as follows:

> *In sum, we reject the contention that, to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," Chapman, 129 [494 U.S. 196] U.S. at 682, "the several persons composing such association," Great Southern, 177 U.S. at 456, "each of its members," Bouligny, 382 U.S. at 146.*
>
> *494 U.S. at 195, 196*

Further, the Carden, supra. Court acknowledged that the above rule for determining diversity citizenship may be "…technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization" *494 U.S. at 196.*

However, and significantly, the Court specifically left to legislative branches of government any possible adjustment to its above-announced diversity rule, explicitly declining an opportunity to authorize inferior Federal Courts to consider such issues:

> *Thus, the course we take today does not so much disregard the policy of accommodating our diversity jurisdiction to the changing realities of commercial organization, as it honors the more important policy of leaving that to the people's elected representatives. Such accommodation is not only performed more legitimately by Congress than by courts, but it is performed more intelligently by legislation than by interpretation of the statutory word "citizen."*

*494 U.S. at 197*

In the matter now before the Court, entities wholly managed and controlled by Defendant OneBeacon Insurance Group, through which it conducts its business, registered and currently doing business in Rhode Island include .

As a consequence of the above authority, and for purposes of determining the existence of complete diversity in this case, the Court must consider OneBeacon's Rhode Island citizenship to be dependent upon the citizenship of all, and each, of its satellite entities, including .

Attached as Exhibit , is a copy of June 4, 2004 News Article from the Insurance Journal announcing that, effective August 1, 2004, OneBeacon Insurance Group "...entered into a renewal rights agreement with Providence Washington Insurance Companies that will transfer selected small commercial business to OneBeacon".

Defendant, OneBeacon Insurance Group, is the Control Group manager and director of business being done in Rhode Island associated with marketing product lines formally owned by Providence Washington Insurance Companies.

As a consequence, complete diversity cannot exist in this action. It should be remanded to Kent County Superior Court for further proceedings.

If the present Defendant, "OneBeacon Insurance Group", believed that it should not have been served and sued in Rhode Island because it did not exist, then it could have filed a Rule 12 (b)(6) Motion in State Court, claiming its alleged non-existence as a basis for its lack of liability. It did not choose to do so. It chose, rather, to claim, only in its Removal Petition to Federal Court, that it did exist, and that it was citizen of a state other than Rhode Island. It thereafter claimed, in pleadings now before this Court, that because

it did not exist, the instant Complaint should be Dismissed, or, in the alternative, that another party be substituted, ostensibly then creating complete diversity.

The Defendant, OneBeacon Insurance Group, (Control Group), is an unincorporated control group[9] for, at least 22 insurance entities of White Mountains, LTD., a Bermuda limited partnership which solely owns all stock of all of the affiliates.

White Mountains, Ltd. has its directors serve as directors of all of those 22 insurance affiliates, and solely controls such affiliates. The Control Group (Defendant, OneBeacon Insurance Group) collects premiums for its affiliates. The Control Group decides which claims the affiliates will pay.

The members of the Control Group are those several insurance affiliates that do business in all fifty (50) states of the United States, **including Rhode Island and Vermont**.

The staff of Defendant Control Group has been the sole source of communication to James Laplante regarding the terms of his insurance contract. The staff of the Control Group has refused to pay James Laplante's claim. The staff of the Control Group has denied Mr. Laplante's claim for stacking. Within the same claim now pending before this

---

[9]Certain Interested Underwriters v. Layne, 26 F.3d 39 (6th Cir. 1994). However, **an unincorporated association**, such as a labor union or a partnership, has no separate legal identity so **its citizenship, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members**. *See,e.g., Carden v. Arkoma Assocs.,* 494 U.S. 185, 110 S.Ct. 1015,108 L.Ed.2d 157 (1990); *United Steelworkers of Am. v. R.H.Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed.800 (1889). Finally, a plaintiff seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *See* Fed.R.Civ.P. 8(a); *Ohio Nat'l Life,* 922 F.2d at 321; *Kaiser v. Loomis,* 391 F.2d 1007, 1010 (6th Cir. 1968).

Court, the Control Group (OneBeacon Insurance Group) **has already fully paid Joseph Laplante** (Plaintiff's father, and passenger in his insured motor vehicle) for his injuries.

The Defendant's counsel has admitted that "OneBeacon Insurance Group" is not a corporation. See Exhibit 1, Communications between OneBeacon Insurance Group and Joseph and James Laplante's regarding their claims.

The Plaintiff has intentionally not sued OneBeacon Group, LLC and York Insurance Company of Maine because neither entity has received Plaintiff's premiums, and neither has erroneously denied his claim.

OneBeacon Group, LLC did not receive Plaintiff's premiums, or make any decisions regarding Plaintiff's claims. York Insurance Company of Maine's claims are reinsured indirectly by White Mountains, Ltd., and by other affiliates of White Mountain, Ltd. indirectly. York Insurance Company of Maine does not maintain reserves to pay claims. It pays claims through its re-insurance agreements with other members of Defendant Control Group, all of which are protected by reinsurance agreements with White Mountains, Ltd.

Payments on York Insurance Company of Maine's claims for automobile insurance are not determined by its staff. It does not receive premiums, and it does not pay its losses with its own money. It is a mere accounting and legal artifice of a holding company, wherein its activities and finances are completely controlled at a higher level, through a management control group known as "OneBeacon Insurance Group."

White Mountains, Ltd., as an insurance holding company, reports, at its level, the income and losses of all of its insurance affiliates to the U.S. Security and Exchange Commission. White Mountains, Ltd., a Bermuda entity, utilizes Defendant, OneBeacon

Insurance Group, as a control group to make all decisions of its insurance affiliates, and to pay the bills and collect the revenues of all of its affiliates. White Mountains, Ltd., because a foreign partnership, has no standing to be substituted as a Party Defendant here, and its inclusion would not otherwise create diversity.

Defendant's motion to dismiss and to amend must be denied, and this matter remanded to the Kent County Superior Court.

Respectfully submitted,
**Plaintiff**
James P. Laplante
By His Attorney

Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

## CERTIFICATION

I hereby certify that on the 6th day of February 2006, I mailed a copy of the within Memorandum, first class, postage prepaid, to the Attorneys of OneBeacon Insurance Group, C. Russell Bengsten, Esq., and Patricia Buckley, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.