UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES P. LAPLANTE :
:
vs. : C.A. No. 05-496 ML
:
OneBEACON INSURANCE GROUP :

DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, OneBeacon Insurance Group hereby requests that this Court issue a Protective Order preventing the deposition of T. Michael Miller, President and CEO of OneBeacon Insurance Group, LLC, from proceeding as noticed by the plaintiff on February 23, 2006. As grounds therefore, the defendant asserts that the notice of deposition has been issued for the purpose of annoying and harassing the defendant.

In support of this Motion, the Court is respectfully referred to the Memorandum and Affidavit filed contemporaneously herewith.

OneBEACON INSURANCE GROUP
By its Attorneys,
CARROLL KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404

Counsel for the defendant hereby certifies that in accordance with Fed. R. Civ. P. 26(c), on February 10, 2006 she conferred with plaintiff's counsel in a good faith effort to resolve this dispute without court action.

CERTIFICATION

I hereby certify that I mailed a true copy of the within to Kevin McKenna, Esq., 23 Acorn Street, Providence, RI, 02903 on this 14th day of February, 2006.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| vs. | : | C.A. No. 05-496 ML |
| OneBEACON INSURANCE GROUP | : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

## I. FACTS

At the hearing on the plaintiff's Motion to Remand held on February 2, 2006, the plaintiff requested additional time to respond to the defendant's Motion for Summary Judgment (converted, with the consent of counsel, from the originally filed Motion to Dismiss). Counsel for the plaintiff indicated that he wished to take the depositions of Dennis R. Smith, Associate General Counsel and Corporate Secretary for OneBeacon Insurance Group LLC ("OneBeacon"), the person who executed the affidavits proffered by the defendant, as well as Carl Callenberg, a claims adjuster who had handled the plaintiff's claim at one time. The defendant had no objection to these depositions and the Court allowed the plaintiff until March 1, 2006 to "conduct discovery to be able to respond to the Motion for Summary Judgment." See the Court's Order dated February 7, 2006.

Counsel then cooperatively arranged Mr. Smith's deposition for February 21, 2006.[1] However, when counsel for the defendant received Mr. Smith's deposition notice from the plaintiff, it contained language indicating that while the deposition

[1] Plaintiff's counsel was also informed that Mr. Callenberg is no longer in the employ of any OneBeacon affiliate.

would "initially concern matters asserted in said Dennis R. Smith's Affidavit in this action", it was specifically to be "without limitation". Counsel for the defendant advised plaintiff's counsel by letter dated February 8, 2006, that Mr. Smith's deposition would not be "without limitation", but would be limited to matters concerning the Motion for Summary Judgment in accordance with this Court's Order. See copy of letter attached hereto as Exhibit 1.

On February 9, 2006, defendant's counsel received a deposition notice for "Mike Miller, President and CEO of OneBeacon Insurance Group". The deposition notice states, again, that it is "without limitation" but "will initially concern matters respecting issues related to the structure, and business relationships of OneBeacon Insurance Group." "Mike Miller" is T. Michael Miller who is the President and CEO of OneBeacon Insurance Group, LLC. Schroeder Affidavit dated February 10, 2006 at paragraph 2. He has had no connection to or role in the claim submitted by the plaintiff. Id. It is this deposition notice that is the subject of this Motion for Protective Order.

## II. ARGUMENT

Rule 26(c), which allows the issuance of Protective Orders to protect deponents from annoyance, embarrassment, oppression or undue burden, gives this Court the "authority to limit discovery if it determines that the discovery sought is obtainable from other sources, that is, those that are more convenient and less burdensome." Mulvey v. Chrysler Corporation, 106 F.R.D. 364 (D.C.R.I., 1985).

Case law is virtually uniform on the issue of so-called "apex" depositions – those depositions directed at officials at the highest level of corporate management.

Liberty Mutual Ins. Co. v. The Superior Court of San Mateo County, 10 Cal.App.4th 1282, 1287 (Ct. Ap., Calif., 1992). Generally, courts refuse to allow a plaintiff's deposition power to automatically reach the pinnacle of the corporate structure. Id. Indeed, Judge Pettine's Mulvey case is one of the leading cases in this area. In Mulvey, the plaintiff noticed the deposition of Lee Iacocca, Chairman of the Board of Chrysler Corporation in a case alleging a defective fuel system design. In prohibiting the deposition in the first instance, Judge Pettine observed Mr. Iacocca to be a "singularly unique and important individual who can be easily subjected to unwarranted harassment and abuse. He has a right to be protected and the courts have a duty to recognize his vulnerability." The Judge then weighed the plaintiff's right to information against potentially relevant statements Mr. Iacocca had made in his published biography and concluded that the less intrusive measure of interrogatories to Mr. Iacocca would best protect the rights of both the plaintiff and Mr. Iacocca.

Further, as noted cogently by the California Appellate Court in the San Mateo case, *supra*:

> At the outset it would seem sensible to prevent a plaintiff from leap-frogging to the apex of the corporate hierarchy in the first instance, without the intermediate steps of seeking discovery from lower level employees more involved in everyday corporate operations. . . .
>
> . . .
>
> Furthermore, "apex" depositions such as the one in this case, when conducted before less intrusive discovery methods are exhausted, raise a tremendous potential for discovery abuse and harassment. Vast numbers of personal injury claims could result in the deposition of the president of a national or international company

> whose product was somehow involved. It would be unreasonable to permit a plaintiff to *begin* discovery by deposing, for instance, the chief executive officer of a major automobile manufacturer when suing over a design flaw in a brake shoe . . . Id. at 1287, emphasis in original.

Courts have overwhelming required that less intrusive methods of discovery be employed in the first instance, rather than allowing plaintiffs to jump straight to depositions of corporate presidents or other high-level corporate management personnel. Salter v. Upjohn Co., 593 F.2d 649 (5th Cir., 1979), Baine v. General Motors Corp., 141 F.R.D. 332 (D.C.M.D. Ala., 1991), Mulvey v. Chrysler Corporation, 106 F.R.D. 364, *supra*, Community Federal Savings and Loan v. Federal Home Loan Bank Board, 96 F.R.D. 619 (D.C.D.C., 1983), Crown Central Petroleum Corp. v. Garcia, 904 S.W. 2d 125 (TX, 1995), San Mateo, *supra*, 10 Cal.App.4th at 1289. These cases hold that before allowing the plaintiff to depose an official at the highest level of corporate management, the trial court should explore less intrusive methods such as:

> [T]he deposition of lower level employees with appropriate knowledge and involvement in the subject matter of the litigation; and the organizational deposition of the corporation itself, which will require the corporation to produce for deposition the most qualified officer or employee to testify on its behalf as to the specified matters to be raised at the deposition. Only once these avenues are exhausted should the plaintiff who can make a showing of good cause that the high-level official possesses necessary information to the case, should the trial court allow the deposition to proceed.

Similarly in the Community Federal Savings case, *supra*, the plaintiffs sought

deposition testimony from several high-level agency administrators. The court held that when a party seeks to depose high-level executives who are removed from the daily subjects of the litigation, the party must demonstrate that the deponent has truly "unique personal knowledge" of the matter in issue and refused to allow such depositions where the information could be had through interrogatories, the deposition of a designated spokesperson or the deposition testimony of other people. 96 F.R.D. at 622-623.

In M.A. Porazzi Co. v. The Mormaclark, 16 F.R.D. 383 (SDNY, 1951), the Court similarly blocked the depositions of a shipping company's vice president, ordering that "subordinates with equal or greater knowledge first be deposed". The Court further noted that the president would not be deposed once that was done unless it was determined that he could contribute something new to the information provided by the other deponents. Id., at 334.

Here, Mr. Miller is the President and CEO of a large, national corporation who had nothing to do with this claim or this lawsuit prior to the plaintiff's February 9th Notice of Deposition. Mr. Miller has not signed any affidavits in this case and he is not even mentioned in any of the affidavits that have been filed. Further, the plaintiff has already noticed the deposition of Dennis Smith, corporate secretary and Associate General Counsel for OneBeacon Insurance Group, LLC and corporate secretary for York Insurance Company of Maine. Mr. Smith is the gentleman who executed the two affidavits proffered by the defendant in connection with its Motion for Summary Judgment. These affidavits concern the corporate structure and relationship of OneBeacon to York and to various other corporations which are

wholly owned subsidiaries of OneBeacon. Mr. Smith, clearly, has the most detailed knowledge concerning the issues about which the plaintiff has indicated he intends to question Mr. Miller: "issues related to the structure, and business relationships of OneBeacon Insurance Group." This is the job of a corporate secretary.

Further, the subject matter of the depositions which the plaintiff has noticed concern the defendant's Motion for Summary Judgment – a motion which seeks the dismissal of OneBeacon Insurance Group as a party because it has been improperly named. There is nothing about this Motion from which it can be concluded that Mr. Miller has some unique or superior knowledge about the subject matter that makes his deposition necessary or appropriate, here. Indeed, Mr. Miller is so completely unconnected to this matter and Mr. Smith is so clearly the appropriate person to depose on the issues before the Court, that noticing Mr. Miller's deposition can have little reason beyond annoying and harassing Mr. Miller and the defendant.

In accordance with the case law, the plaintiff should be required to depose Mr. Smith, Mr. Miller's subordinate and the person with the most knowledge about the corporate structure of OneBeacon and its relationship to York Insurance Company of Maine, before proceeding to the apex of the OneBeacon corporate hierarchy. Only once that deposition is taken, should the plaintiff be permitted to attempt to demonstrate to this Court what specific, unique information relative to the Motion for Summary Judgment Mr. Miller possesses which cannot be acquired through less intrusive means than his deposition.

In Armstrong Cork Co. v. Niagra Mohawk Power Corp., 16 F.R.D. 389

(D.C.S.D.N.Y., 1954), the Court granted a protective order relative to the deposition notices of nine officers and six directors of the plaintiff corporation. It noted:

> The court should be alert to see that the liberal deposition procedure provided in the Federal Rules is used only for the purpose for which it is intended and is not used as a litigation tactic to harass the other side or cause it wasteful expense. Id., at 390-391.

Mr. Miller is a person who is entitled to this Court's protection from the vexatious, harassing and wasteful notice of deposition filed by this plaintiff.

## III. CONCLUSION

For these reasons, the defendant respectfully requests that its Motion for Protective Order be granted and that the deposition notice for T. Michael Miller be quashed.

OneBEACON INSURANCE GROUP
By its Attorneys,
CARROLL KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404

## CERTIFICATION

I hereby certify that I mailed a true copy of the within to Kevin McKenna, Esq., 23 Acorn Street, Providence, RI, 02903 on this 14 day of February, 2006.