**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** | : | |
| **Plaintiff** | | |
| **Vs.** | : | **C.A. No. 05-496 ML** |
| **OneBeacon Insurance Group** | : | |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Now comes Plaintiff in the above-entitled matter and Objects to Defendant's Motion For A Protective Order with repect to the Deposition of Michael Miller.

Plaintiff files a separate Memorandum In Support of his Objection.

James Laplante
Plaintiff
By His Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel.
401 521-5820
**KevenM@McKennalaw.cc** Net

**CERTIFICATION**

I, the undersigned, hereby certify that on the 16th[th] day of February, 2006, I FAXED and mailed a copy of the within Motion and Memorandum, postage prepaid, to the Attorney for OneBeacon Insurance, C. Russell Bengsten, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** | : | |
| **Plaintiff** | | |
| **Vs.** | : | **C.A. No. 05-496 ML** |
| **OneBeacon Insurance Group** | : | |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

The Plaintiff objects to the Defendant's motion for a protective order on the basis that testimony of Michael Miller is relevant to this Honorable Court's determination of the existence, or non existence, of diversity and whether the Defendant's motion to dismiss, or to substitute another party as defendant, is appropriate.

This deposition, in support of Plaintiff's motion for remand, seeks to learn from the President of the enterprise known as "OneBeacon Insurance Group" factual information related to the basis for its demand to use the diversity clause to invoke the jurisdiction of this Honorable Court, and for factual information relating to Plaintiff's opposition to the motion of "OneBeacon Insurance Group" to dismiss Plaintiff's complaint, or substitute "York Insurance Company of Maine"

The judicial factual criteria related to determination of diversity, and determination of the proper party is knowledge ultimately within the control of Michael Miller as the putative head of the entity known as "OneBeacon Insurance Company".

Defendant's protective order mischaracterizes the purpose of the deposition. It is not to learn particular facts related to the actual merits of Plaintiff's claim against OneBeacon Insurance Group. It is to learn the factual basis for its diversity claim, and the

factual basis for its motion to substitute another defendant, Mr. Miller , President of the Defendant's enterprise, is the only person who should know what functions are performed by persons and subsidiaries under his direct control; the location of the members of its group; the actual members of the group and their locations, and the functions and authority of members of "OneBeacon Insurance Group".

Plaintiff contends that OneBeacon Insurance Group does business in all 50 states through controlled upstream entities, and, as a consequence, there must be a lack of complete diversity. The Plaintiff further contends that OneBeacon Insurance Group is the correct defendant, and it is subject to the law of Rhode Island.

The Defendant has not only communicated with the Plaintiff in the name of "OneBeacon Insurance Group" but it has sent out press releases, reported on its website, indicating that that deponent Michael Miller is the CEO of OneBeacon Insurance Group.

## Mike Miller Appointed CEO of OneBeacon

**BOSTON** (July 1, 2005) – **OneBeacon Insurance Group**, a wholly owned subsidiary of White Mountains Insurance Group, Ltd. (NYSE: WTM), today announced that **Mike Miller has been appointed President & CEO.** He replaces John Cavoores, who is leaving the company for personal reasons. The change is effective immediately.

***

**Headquartered in Boston, Massachusetts, OneBeacon Insurance Group offers a wide range of specialty, personal and commercial insurance products and services sold primarily through select independent agents.** OneBeacon is one of the oldest property and casualty insurers in the United States, tracing its roots to 1831 and the Potomac Fire Insurance Company. The Company's specialty businesses provide customized coverages to certain niche markets including ocean marine, professional liability and agribusiness, among others. OneBeacon serves personal insurance customers and small-to-midsized businesses through a variety of highly segmented products.

OneBeacon Insurance Group is wholly owned by White Mountains Insurance Group, Ltd. of Hamilton, Bermuda. White Mountains' principal businesses are conducted through its subsidiaries

> and affiliates in the business of property-casualty insurance and reinsurance. The company is publicly traded on the New York Stock Exchange and the Bermuda Stock Exchange under the symbol "WTM".

Plaintiff contends that, based on Miller's absolute control of York Insurance Company of Maine by virtue of interlocking directorships, by powers of attorney, through reinsurance agreements, OneBeacon Insurance Group is the proper Defendant in fact. The publicized documents of OneBeacon Group on its own web site, and government reports, support Plaintiff's contentions. Attached to this memorandum are some examples from the Defendant's own documents, and reports by State and Federal agencies that support the Plaintiff's contentions.

Plaintiff contends that OneBeacon Insurance Group is the responsible party **in fact** because (i) OneBeacon Insurance Group has received premiums paid by the Plaintiff; (ii) on its letterhead OneBeacon Insurance Group has denied Plaintiff's claims, and because OneBeacon Insurance Group, through reinsurance agreements, through powers of attorney by and with York Insurance Company of Maine, through interlocking directors and its singular stock ownership through a White Mountains, Ltd. (a Bermuda insurance holding company) completely controls and dominates its wholly owned subsidiary, York Insurance Company of Maine. Therefore, Plaintiff argues that OneBeacon Insurance Group, as a business operating in Rhode Island through its various controlled subsidiaries, is subject to Rhode Island law on stacking.

Thus, facts relating to determination of diversity, 28 U.S.C. § 1441(a) and (b) [1], *Carden v. Arkoma Associates,* 494 U.S. 185, 192-195 (1990)[2]; *Grupo Dataflux v. Atlas*

---

[1] ***28 U.S.C. § 1441***. Actions removable generally.

*Global Group, L.P.*, 541 U.S. 567, 570, 571 (2004)[3].[4] are interlocked with the facts relating to determination of law which will determine the merits of Plaintiff's claim, and which will determine the merits of Defendant's motion to dismiss. Those facts must be available to the Court, and the Plaintiff, to make the appropriate determination on pending motions.

---

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

[2] *Carden v. Arkoma Associates*, 494 U.S. 185, 192-195 (1990) In sum, we reject the contention that, to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," Chapman, 129 [494 U.S. 196] U.S. at 682, "the several persons composing such association," Great Southern, 177 U.S. at 456, "each of its members," Bouligny, 382 U.S. at 146.494 U.S. at 195, 196.

[3] . *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, 571 (2004) It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan* v. *Torrance*, 9 Wheat. 537, 539 (1824). This time-of-filing rule is hornbook law (quite literally)[fn2]taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. (Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment. See *Capron* v. *Van Noorden*, 2 Cranch 126 (1804).) We have adhered to the time-of-filing rule regardless of the costs it imposes."

[4] Diaz-Rodriguez v. Pep Boys Corp.410 F.3d 56, C.A.1 (Puerto Rico),2005.We have identified three tests for determining a corporation's principal place of business:One is the "nerve center" test which searches for the location from where the activities of the corporation are controlled and directed. The two other tests are the "center of corporate activity" test, i.e., where the corporation's day-to-day management takes place; and the "locus of the operations of the corporation" test, i.e., where the bulk of the corporation's actual physical operations are located.*Topp v. CompAir Inc.*, 814 F.2d 830, 834 (1st Cir.1987) (internal citations omitted); *see also de* *Walker v. Pueblo Int'l, Inc.*, 569 F.2d 1169, 1171-72 (1st Cir.1978).While the tests that we have identified are "not necessarily inconsistent,"*Topp*, 814 F.2d at 834, their differing emphases mean that, in some cases, they will point to different locations as the principal place of business. For example, Pep Boys PR is essentially controlled from Philadelphia but all of its retail stores are located in Puerto Rico. The nerve center test might point to Philadelphia as Pep Boys PR's principal place of business, *see id.* at 837-38 **(listing eight factors to consider in applying the nerve center test)** while the locus of operations test might point to Puerto Rico, where all of the corporation's physical assets are located. This result would be inconsistent with the rule that a corporation can have only one principal place of business. *See* ***60** *Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 835 (8th Cir.2004)

The Plaintiff contends that the Defendant, OneBeacon Insurance Group (Control Group) is an unincorporated control group[5] for, at least 29 insurance entities of White Mountains, LTD., a Bermuda limited partnership which solely owns all stock of all of its affiliates. Those 29[6] members of OneBeacon Insurance Group include York Insurance

---

[5]Certain Interested Underwriters v. Layne, 26 F.3d 39 (6th Cir. 1994). However, **an unincorporated association**, such as a labor union or a partnership, has no separate legal identity so **its citizenship, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members**. *See,e.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015,108 L.Ed.2d 157 (1990); *United Steelworkers of Am. v. R.H.Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed.800 (1889). Finally, a plaintiff seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *See* Fed.R.Civ.P. 8(a); *Ohio Nat'l Life*, 922 F.2d at 321; *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968).

[6] OneBeacon Insurance :Http://onebeacon.com/onebeaconcontent.aspx?id=220&showtitle=1.
Massachusetts and California State Requirements:
The following is a list of the insurance companies in the **OneBeacon Insurance Group**. You are provided with the information about these OneBeacon companies pursuant to section 702 of the California Insurance Code and the Massachusetts Division of Insurance Bulletin 2001-02.
As required by law, the last column notes whether the company has a certificate of authority in Massachusetts and/or California. If licensed in California, the certificate number is noted as required by section 702.

| Insurance Company Name | Domicile | Address of Principal Place of Business | MA = Massachusetts license CA + certificate number = California license |
|---|---|---|---|
| American Central Insurance Company | MO | One Beacon Street Boston, MA 02108 | |
| American Employers' Insurance Company | MA | One Beacon Street, Boston, MA 02108 | CA 2208 MA |
| **OneBeacon Insurance Company** | PA | One Beacon Street, Boston, MA 02108 | CA 07223 MA |
| Western States Insurance Company 61032 | IL | 414 West Stephenson Street, Freeport, IL | |
| The Camden Fire Insurance Association | NJ | One Beacon Street, Boston, MA 02108 | CA 07222 |
| PG Insurance Company of New York | NY | One Beacon Street, Boston, MA 02108 | |
| **OneBeacon American Insurance Company** | MA | One Beacon Street, Boston, MA 02108 | CA 3253 MA |
| OneBeacon Midwest Insurance Company | WI | One Beacon Street, Boston, MA 02108 | |
| **York Insurance Company of Maine** | ME | 707 Sable Oaks Drive, South Portland, ME 04106 | |
| Massachusetts Homeland Insurance Company | MA | One Beacon Street, Boston, MA 02108 | MA |

Company of Maine and at least two entities authorized to do business in Rhode Island, and which have been sued in Rhode Island state courts.

Rhode Island has abandoned the doctrine of *lex loci delecti* and replaced that doctrine with the doctrine of *interest weighing approach*. Thus, a court must look at the particular facts of a case and determine the rights and liabilities of parties "in accordance with the law of the state that bears the most significant relationship to

---

| | | | |
|---|---|---|---|
| OneBeacon Lloyd's of Texas | TX | 5910 North Central Expressway, Dallas, TX 75206 | |
| The Employers' Fire Insurance Company | MA | One Beacon Street, Boston, MA 02108 | CA 2209 MA |
| Farmers and Merchants Insurance Company | OK | One Beacon Street, Boston, MA 02108 | |
| Homeland Insurance Company of New York | NY | One Beacon Street, Boston, MA 02108 | MA (Surplus) |
| Pennsylvania General Insurance Company | PA | One Beacon Street, Boston, MA 02108 | CA 07218 MA |
| Esurance Property & Casualty Insurance Company | CA | One Beacon Street, Boston, MA 02108 | CA 6261 |
| General Assurance Company | NY | One Beacon Street, Boston, MA 02108 | |
| Homeland Central Insurance Company | IA | 400 Locust Street, Des Moines, Iowa 50309 | |
| Houston General Insurance Company | TX | One Beacon Street, Boston, MA 02108 | CA 07240 MA |
| Midwestern Insurance Company | OK | One Beacon Street, Boston, MA 02108 | |
| Houston General Lloyds | TX | 5910 North Central Expressway, Dallas, TX 75206 | |
| National Farmers Union Property and Casualty Company | CO | 11900 East Cornell Avenue, Aurora, CO 80014-3194 | CA 6234 |
| The Northern Assurance Company of America | MA | One Beacon Street, Boston, MA 02108 | CA 5323 MA |
| Potomac Insurance Company | PA | One Beacon Street, Boston, MA 02108 | |
| Potomac Insurance Company of Illinois | IL | One Beacon Street, Boston, MA 02108 | MA CA 5172 |
| Traders & General Insurance Company | TX | One Beacon Street, Boston, MA 02108 | |
| Traders & Pacific Insurance Company | DE | One Beacon Street, Boston, MA 02108 | CA (surplus) |
| Esurance Insurance Company | OK | One Beacon Street, Boston, MA 02108 | |
| United Security Insurance Company | IA | 400 Locust Street, Des Moines, Iowa 50309 | |

the event and to the parties." *Pardey v, Boulevard Billiard Club,* 518 A.2d 1345, 1351(RI1997); *Cribb v.Augustyn*, 696 A2d 285, 288 (R.I. 1995).

Reports of White Mountains Insurance Group Ltd to the U.S. Securities and Exchange Commission[7],[8] and to State Regulators clearly indicate that OneBeacon Insurance Group led by Michael Miller is an upstream control group that makes decisions for York Insurance Company of Maine, collects and distributes its revenues, and pays its expenses. The Defendant, however, disputes those facts.

---

[7] Form 10-Q, U.S.S.E.C WHITE MOUNTAINS INSURANCE GROUP LTD – WTM Filed: November 01, 2005 (Period: September 30, 2005) Page 7.

"The OneBeacon segment consists of the OneBeacon Insurance Group LLC family of companies (collectively "OneBeacon"), which are U.S.-based property and casualty insurance writers, substantially all of which operate in a multi-company pool. OneBeacon offers a wide range of specialty, personal and commercial products and services sold primarily through select independent agents. OneBeacon was acquired by White Mountains from Aviva plc ("Aviva", formerly CGU) in 2001 (the "OneBeacon Acquisition")."

[8] Form 10 K WHITE MOUNTAINS INSURANCE GROUP LTD filed this 10-K on Mar. 02. 2005 for the year ending December 30, 2004, Page3-8.,
"PART I
Item 1. Business
GENERAL

White Mountains Insurance Group, Ltd. (the "Company" or the "Registrant") was originally formed as a Delaware corporation in 1980. In October 1999, the Company completed a corporate reorganization that changed its domicile from Delaware to Bermuda. The Company's principal businesses are conducted through its subsidiaries and affiliates in the businesses of property and casualty insurance and reinsurance. Within this report, the consolidated organization is referred to as "White Mountains". The Company's headquarters are located at Bank of Butterfield Building, 42 Reid Street, Hamilton, Bermuda HM 12, its principal executive office is located at 80 South Main Street, Hanover, New Hampshire 03755-2053 and its registered office is located at Clarendon House, 2 Church Street, Hamilton, Bermuda HM 11. White Mountains' reportable segments are OneBeacon, White Mountains Re, Esurance and Other Operations.

***The OneBeacon segment consists of the OneBeacon Insurance Group LLC family of companies (collectively "OneBeacon"), which are U.S.-based property and casualty insurance writers, substantially all of which operate in a multi-company pool.*** OneBeacon offers a wide range of specialty, personal and commercial products and services sold primarily through select independent agents. OneBeacon was acquired by White Mountains from Aviva plc ("Aviva", formerly CGU) on June 1, 2001 (the "OneBeacon Acquisition"). P.3

*Personal Lines*

OneBeacon's personal lines principally include automobile, homeowners and Custom-Pac products (Custom-Pac products are combination policies offering home and automobile coverage with optional umbrella, boatowners and other coverages). OneBeacon's mix of personal lines products between automobile and homeowners, including Custom-Pac products, was 67% and 25%, respectively, of personal lines net written premium during 2004, compared to 63% and 30%, respectively, during 2003 and 69% and 24%, respectively, during 2002. **OneBeacon writes the majority of its personal business in New York, Massachusetts and Maine**. P.8

The unusual posture of the pending motions suggests a practical solution for the mutual problem of Plaintiff and Defendant.

The U.S. District Court, upon its initial review of Plaintiff's motion to remand based on his verified complaint, and based on Defendant's affidavits in support of its motion to dismiss or substitute, Ordered a 30 day deadline for Plaintiff to complete discovery on the pending, fact based motions. Thus, Plaintiff had no choice but to provide short notice to the deponent for his deposition. Furthermore, unlike usual motions for summary judgment, this converted motion does not contain a list of disputed and undisputed facts as required by local rules. LR Cv 56 (a). Consequently, Plaintiff has been in the process of preparing a request for admission of the authenticity of the several government documents submitted by the Defendant and its holding company, White Mountains, Ltd., and other matters Although counsel have had initial preliminary conferences regarding development of a list of undisputed facts, the lack of time prior to March 1, 2006 is handicapping their ability to prepare such a list of disputed and undisputed facts, which could reduce the time required for the deposition of Michael Miller, or perhaps even eliminate the need for that deposition.

Plaintiff reports to the Court that counsel for the parties have had productive discussions, and the undersigned expects that this cooperation will continue.

Plaintiff respectfully suggest that, if counsel for the Plaintiff and Defendant could have additional time to establish a comprehensive list of uncontested facts, perhaps until April 1, 2006, the need for a protective order might be mooted, and this matter more appropriately resolved.

James Laplante
Plaintiff
By His Attorneys

Keven A. McKenna, #662
Keven A. McKenna, P.C.
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Tel.
401 521-5820
**KevenM@McKennalaw.cc** Net

**CERTIFICATION**

I, the undersigned, hereby certify that on the 16th[th] day of February, 2006, I FAXED and mailed a copy of the within Motion and Memorandum, postage prepaid, to the Attorney for OneBeacon Insurance, C. Russell Bengsten, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.