**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** <br> **Plaintiff** <br><br> **Vs.** <br><br> **OneBeacon Insurance Group** <br> **Defendant** | : | **C.A. No. 05-496 ML** |

**PLAINTIFF'S MOTION TO EXTEND TIME WITHIN WHICH TO RESPOND TO DEFENDANT'S NEWLY CONVERTED MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT.**

Now comes the Plaintiff in the above entitled matter; and moves to extend the time to complete discovery on the issues of diversity and of what entity is the proper party from March 1, 2006 to April 1, 2006 for the reasons set forth in the attached memorandum. It is simply impossible to complete before March 1, 2006 the discovery required for the pending motions since the facts are in the sole control of the Defendant and Defendant had not provided a listed of undisputed facts in connection with its Summary Judgment Motion as required by L.R. Cv56 (a).

Respectfully submitted,
Plaintiff James P. Laplante
By His Attorney

Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

**CERTIFICATION**

FAXED &

I hereby certify that on the 17th day of February 2006, I mailed a copy of the within Memorandum In Support of Motion To Shorten Time, first class, postage prepaid, to the Attorneys of OneBeacon Insurance Group, C. Russell Bengsten, Esq., and Patricia Buckley, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** | : | |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | |
| | : | **C.A. No. 05-496 ML** |
| **OneBeacon Insurance Group** | : | |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO EXTEND TIME WITHIN WHICH TO RESPOND TO DEFENDANT'S NEWLY CONVERTED MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**

The short discovery time has put the Plaintiff at a disadvantage. Defendant has supplied no list of undisputed facts. The Defendant solely controls the necessary information. Response time for discovery is less than the time required by the Court's order. The discovery required to decide the issue of diversity and the proper party is fact based upon information in the sole control of the Defendant. The removal issue and party substitution issue were solely created by actions of the Defendant. Plaintiff should not be denied his opportunity to respond with facts based on discovery completed within the time frame of the existing rules of discovery.

Plaintiff contends that the defendant is an unincorporated control group, known at OneBeacon Insurance Group; that the Defendant is not an LLC, and that York Insurance Company of Maine is not a proper party. Those are presently disputed facts.

The operation and interrelationships of White Mountains, Ltd, a Bermuda company, with its 29 insurance affiliates involve several facts which may determined not

only the diversity question before the Court,28 U.S.C. § 1441(a) and (b) [1], *Carden v. Arkoma Associates,* 494 U.S. 185, 192-195 (1990)[2], Diaz-Rodriguez v. Pep Boys Corp.410 F.3d 56, C.A.1 (Puerto Rico),2005[3] , but also the proper party for liability purposes. Plaintiff contends that "OneBeacon Insurance Group" is an upstream control group of 29 members operating in all 50 states, which determines every aspect of its subsidiary members[4], including York Insurance Company of Maine, and, thus

---

[1] ***28 U.S.C. § 1441***. Actions removable generally.

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

[2] *Carden v. Arkoma Associates*, 494 U.S. 185, 192-195 (1990) "In sum, we reject the contention that, to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," Chapman, 129 [494 U.S. 196] U.S. at *682, "the several persons composing such association," Great Southern, 177 U.S. at 456, "each of its members," Bouligny, 382 U.S. at 146.*

[3] Diaz-Rodriguez v. Pep Boys Corp.410 F.3d 56, C.A.1 (Puerto Rico),2005.We have identified three tests for determining a corporation's principal place of business:One is the "nerve center" test, which searches for the location from where the activities of the corporation are controlled and directed. The two other tests are the "center of corporate activity" test, i.e., where the corporation's day-to-day management takes place; and the "locus of the operations of the corporation" test, i.e., where the bulk of the corporation's actual physical operations are located.*Topp v. CompAir Inc.,* 814 F.2d 830, 834 (1st Cir.1987) (internal citations omitted); *see also de Walker v. Pueblo Int'l, Inc.,* 569 F.2d 1169, 1171-72 (1st Cir.1978).While the tests that we have identified are "not necessarily inconsistent,"*Topp,* 814 F.2d at 834, their differing emphases mean that, in some cases, they will point to different locations as the principal place of business. For example, Pep Boys PR is essentially controlled from Philadelphia but all of its retail stores are located in Puerto Rico. The nerve center test might point to Philadelphia as Pep Boys PR's principal place of business, *see id.* at 837-38 **(listing eight factors to consider in applying the nerve center test)** while the locus of operations test might point to Puerto Rico, where all of the corporation's physical assets are located. This result would be inconsistent with the rule that a corporation can have only one principal place of business. *See* *60 *Capitol Indem. Corp. v. Russellville Steel Co.,* 367 F.3d 831, 835 (8th Cir.2004)

[4] *Certain Interested Underwriters v. Layne*, 26 F.3d 39 (6th Cir. 1994). However, **an unincorporated association**, such as a labor union or a partnership, has no separate legal identity so **its citizenship, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members**. *See,e.g., Carden v. Arkoma Assocs.,* 494 U.S. 185, 110 S.Ct. 1015,108 L.Ed.2d 157 (1990); *United Steelworkers of Am. v. R.H.Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Chapman v. Barney,* 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed.800 (1889). Finally, a plaintiff seeking to bring a case into federal court carries the

OneBeacon Insurance Group is the proper Defendant. The loci of the members of an unincorporated group are facts, which must be available to the Court to make the appropriate determination not only on the diversity issues but also on the choice of law, which is to be applied on choice of law issues, if such issues are reached.[5]. There is no sufficient time to discover those facts.

Unlike usual motions for summary judgment, this converted motion does not contain a list of disputed and undisputed facts, as otherwise required by local rules. LR Cv 56 (a). The Plaintiff's burden to determine facts has thus been unfairly increased by the shortening of time to do normal discovery. Plaintiff has a pending request for admissions to serve upon the Defendant, which responses cannot be completed by March 1, 2006; and deposition requests of the Defendant's officers, which require additional scheduling time not only for the deponents, but also for stenographers to type the depositions.

Another month of discovery will allow the parties to create a list of undisputed facts, save time, create the necessary factual foundations for the Court's decision on remand, on dismissal, and on the choice of law questions if they arise.

A complete record will prejudice no party. An extension to April 1, 2006, may moot the objections that the Defendant has to the present dates of proposed depositions and simplified the decision making of this Honorable Court on the pending matters.

Respectfully submitted,
Plaintiff James P. Laplante
By His Attorney

---

burden of establishing diversity jurisdiction. *See* Fed.R.Civ.P. 8(a); *Ohio Nat'l Life,* 922 F.2d at 321; *Kaiser v. Loomis,* 391 F.2d 1007, 1010 (6th Cir. 1968).

[5] *Pardey v, Boulevard Billiard Club,* 518 A.2d 1345, 1351(RI1997); *Cribb v.Augustyn*, 696 A2d 285, 288 (R.I. 1995).

Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

**CERTIFICATION**

I hereby certify that on the 16th day of February 2006, I faxed a copy of the within Memorandum In Support of Motion To Shorten Time, first class, postage prepaid, to the Attorneys of OneBeacon Insurance Group, C. Russell Bengsten, Esq., and Patricia Buckley, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.