**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** | : | |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | |
| | : | **C.A. No. 05-496 ML** |
| **OneBeacon Insurance Group** | : | |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S MOTION TO AUTHORIZE JOSEPH LAPLANTE TO ATTEND DEPOSITIONS TO PROVIDE NECESSARY ASSISTANCE TO COUNSEL**

Now comes Plaintiff in this matter, and respectfully Moves that Joseph Laplante, Plaintiff's father, be authorized to attend Depositions in order to provide necessary assistance to counsel.

Plaintiff files a separate Memorandum In Support of this Motion.

Respectfully submitted,
Plaintiff James P. Laplante
By His Attorney

Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

**CERTIFICATION**

I hereby certify that on the 20th day of February 2006, I Faxed and mailed a copy of this motion and Memorandum In Support thereof, first class, postage prepaid, to the Attorneys of OneBeacon Insurance Group, C. Russell Bengsten, Esq., and Patricia Buckley, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.

Karen A McLenna

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **James P. Laplante** | : | |
| **Plaintiff** | : | |
| | : | |
| **Vs.** | : | |
| | : | **C.A. No. 05-496 ML** |
| **OneBeacon Insurance Group** | : | |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO AUTHORIZE JOSEPH LAPLANTE TO ATTEND DEPOSITIONS TO PROVIDE NECESSARY ASSISTANCE TO COUNSEL**

Plaintiff has filed a Motion To Authorize his father, Joseph Laplante, to attend Depositions in this matter to provide necessary assistance to undersigned counsel.

Plaintiff brings this Motion with some urgency as a consequence of Defendant's February 17, 2006 written refusal to permit Joseph Laplante to be present for three already scheduled Depositions, to be held on February 21, and 24, 2006.

As reasons for his Motion, Plaintiff shows the Court that:

1. Plaintiff currently resides in Vermont, and still suffers some physical disability because of the accident that is the subject of this lawsuit. As a consequence, he experiences extreme discomfort when he travels.
2. Throughout all proceedings in this matter, including litigation in the Rhode Island Superior Court, Kent County (where this removed case was first heard) and a previous, related, case in said Court, where Joseph Laplante was a co-party Plaintiff, Joseph Laplante has provided virtually all necessary fact

assistance to multiple counsel, including the undersigned, while these matters were litigated, as well as (on his behalf, and that of his son, James Laplante) during earlier attempts to resolve this insurance claim amicably, which also included an earlier pre-litigation adjustment phase of contact between the parties. Joseph Laplante also communicated with the Rhode Island Division of Insurance Regulation on his behalf, and that of his son.

3. Joseph Laplante was a passenger in the motor vehicle operated by James Laplante, and was seriously injured in the accident giving rise to this Complaint.
4. As a consequence of both his injury (the damages of which were ultimately settled by Defendant in the full policy amount attributable to him) and provision of assistance to his son since the accident, Joseph Laplante has had multiple written, and verbal, contacts on substantive matters with a number of entities and individuals involved with Defendant, directly related to ultimate issues of fact concerning Plaintiff James Laplante, necessary for resolution here.
5. Because of his direct involvement in these matters as above outlined, Joseph Laplante has gained unique factual knowledge about these proceedings, and, as a consequence, his assistance and involvement in this case is now necessary for an expeditious resolution, given the Court's compressed scheduling Order.

It is for the above reasons that James Laplante respectfully asks that Joseph Laplante be authorized to serve as a fact assistant to undersigned during Depositions so that James Laplante's interests in this litigation are more completely protected.

In these circumstances, James Laplante does not believe that his father, Joseph Laplante, can be easily described as a stranger, or member of the public, such that he is to be automatically excluded from providing assistance to counsel at Depositions.

Rather, it would be more accurate to describe Joseph Laplante as a useful assistant who, because of his previous involvement, and former status as a party, possesses unique and valuable fact based knowledge about the intricacies of this case, and whose presence and assistance at Depositions would be beneficial.

Given the circumstances above outlined, James Laplante believes that, if Joseph Laplante is prevented from attending and assisting at Depositions, Defendant may gain an unfair advantage in this complex litigation where virtually all of the fact-based information necessary for resolution of the initial jurisdictional matter now before the Court, is closely held by a Defendant that will not easily disclose it.

James Laplante respectfully suggests to the Court that, the disadvantage to him if Joseph Laplante is not authorized to assist counsel in this matter is far outweighed by any possible claim that Defendant will be prejudiced, or inconvenienced, by his presence.

The undersigned and Defendant's attorneys have communicated informally about this matter, prior to Plaintiff's filing of this Motion. As justification for objecting to the presence of Joseph Laplante as an assistant to the Plaintiff son, Defendant's Counsel has cited two cases, allegedly prohibiting Joseph Laplante's presence at Depositions: *Amato v. Richmond,* 157 FRD 26 (DC Vir., 1994) and *Times Newspapers v. McDonnell Douglas Corp,* 387 F. Supp 189 (CD Cal., 1974).

Both cases are easily distinguished from this matter, and, by implication, actually support Joseph Laplante's request to be present at Depositions.

Both above cited cases involved applications by non-party newspapers (one foreign) that, having absolutely no factual connection with any matter in litigation, none-the-less, requested to attend Depositions in order to publicize information disclosed in those Depositions. Both cases involved press claims of a First Amendment right to be present, so that the Deposition proceedings could thereafter be published in newspapers of general circulation.

The *Amato,* supra. Court also considered (when denying the newspaper's request to be present) whether its attendance at Depositions would unnecessarily hinder the discovery process, particularly when, as in *Amato*, a protective order was in force, and issues subject to that Order would likely be subject to examination.

Plaintiff does not view it as even a remote risk that details of Depositions in this private matter undertaken to pierce a corporate veil of confusion will, through the agency of Joseph Laplante, find their way into the media.

Rather than hinder, complicate, or compromise Depositions in this matter, the presence of Joseph Laplante will benefit the discovery process by making it more coherent, and expeditious.

Defendant's citation of strikingly inapposite case law to justify its refusal to permit Joseph Laplante to assist Plaintiff at Depositions is testament to both the argument's weakness, and Defendant's apparent growing intransigence regarding discovery.

Respectfully submitted,
Plaintiff James P. Laplante
By His Attorney

Keven A. McKenna, Esq.
Keven A. McKenna, PC
23 Acorn Street
Providence, RI 02903
(401) 273-8200
(401) 521-5820 Facsimile

**CERTIFICATION**

I hereby certify that on the 20th day of February 2006, I Faxed and mailed a copy of this motion and Memorandum In Support thereof, first class, postage prepaid, to the Attorneys of OneBeacon Insurance Group, C. Russell Bengsten, Esq., and Patricia Buckley, Esq., Carroll, Kelly & Murphy, Counselors at Law, One Turks Head Place, Suite 400, Providence, R.I. 02903.