UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 05-496ML |
| | : | |
| OneBEACON INSURANCE GROUP | : | |

DEFENDANT'S MOTION FOR PROTECTIVE ORDER
CONCERNING FEBRUARY 24, 2006 DEPOSITIONS

The defendant hereby requests that this Court issue a Protective Order requiring that the depositions of Kathleen Ahearn and Steven P. Schroeder, OneBeacon Insurance Company claims adjusters, take place at the company's place of business in Foxboro, Massachusetts, rather than at the location noticed by the plaintiff: his counsel's office in Providence. The notice of deposition was forwarded to the defendant on Friday, February 17, 2006 with a deposition date of the following Friday, February 24, 2006. Despite the insufficient notice, the defendant has offered to make both deponents available as noticed but at the company's location in Foxboro where both deponents are employed. Plaintiff's counsel has refused and insisted that they be conducted at his office. As grounds for this Motion, the defendant asserts that the locus of the depositions is improper and has been chosen for the purpose of annoying and harassing the defendant.

In support of this Motion, the Court is respectfully referred to the Memorandum filed contemporaneously herewith.

OneBEACON INSURANCE GROUP
By Its Attorneys,
CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
401.331.7272
401.331.4404 (facsimile)

Counsel for the defendant hereby certifies that in accordance with Fed. R. Civ. P. 26(c), on February 17, 2006 counsel for the defendant spoke with plaintiff's counsel, to no avail, in a good faith effort to resolve this dispute without court action.

CERTIFICATION

I hereby certify that I mailed and sent via facsimile to 401-521-5820 a true copy of the within to Keven McKenna, Esq., 23 Acorn Street, Providence, RI 02903 on this 22 day of February, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| | : | |
| vs. | : | C.A. No. 05-496ML |
| | : | |
| OneBEACON INSURANCE GROUP | : | |

# DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER CONCERNING FEBRUARY 24, 2006 DEPOSITIONS

## I. FACTS

Following the hearing on Friday, February 17, 2006 on the defendant's Motion for Protective Order concerning the deposition of T. Michael Miller, President and CEO of OneBeacon Insurance Group, the defendant received two deposition notices for the following Friday, February 24, 2006 for two claims adjusters employed by OneBeacon Insurance Company, Kathleen Ahearn and Steven Schroeder. Both Ms. Ahearn and Mr. Schroeder are employed at OneBeacon Insurance Company's place of business in Foxborough, Massachusetts. The depositions have been noticed for 10:00 am and 1:00 pm in Providence at plaintiff's counsel's office.

Upon receipt of the depositions notices and despite the insufficient notice provided, defendant offered to make both deponents available as noticed, but at the Foxborough location since this is the location of the company and case law requires that representative of corporations be deposed at their place of business. Further, requiring two employees to travel to Providence at different times during the middle of their business day would prove unnecessarily disruptive and burdensome. The plaintiff refused to conduct the depositions in Foxborough and has insisted that the depositions proceed at his office in Providence for no stated reason other than

that this is what he is insisting upon. The defendant has therefore filed this Motion for Protective Order seeking the court's Order that the depositions proceed in Foxborough, Massachusetts.

## II. ARGUMENT

OneBeacon Insurance Group ("OneBeacon") asserts that it is entitled to a protective order pursuant to Fed. R. Civ. P. 26(c) as the locus of the depositions provided for in the Notices is improper and asserted solely to be annoying and harassing. In accord with the Federal Rules of Civil Procedure and the current state of the law, a corporate representative is to be deposed at its principal place of business unless there are peculiar circumstances. In this case, the place of business of the deponents is at the OneBeacon Insurance Company office located at One Constitution Way, Foxborough, Massachusetts.

Federal Rule of Civil Procedure 26(c), which allows the issuance of Protective Orders for good cause to protect deponents from annoyance, embarrassment, oppression or undue burden or expense confers the Court with the authority to order "(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place . . ." The general rule is that a deposition of a corporation's officers or agents should ordinarily be taken at its principal place of business – particularly when the corporation is the defendant, or, in this case, an affiliated company of the defendant. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Accord, Wright & Miller, *Federal Practice and Procedure*, §2112 and *Moore's Federal Practice*, ¶26.33[1] (2d ed., 1994).

It is well settled that a corporate defendant, merely by objecting to deposition of its representatives being taken at a place other than its place of business, will have satisfied its Rule 26(c) "good cause" burden. *Chris-Craft Indus. Products, Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) ("The purpose underlying the general rule that the depositions should

proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order."). See also *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362, 363 (D.Ct. 2005). The presumption that the corporate defendant has satisfied its Rule 26(c) burden is uniformly applied where the defendant and its representatives reside outside the forum. *Buzzeo v. Bd. Of Education*, 178 F.R.D. 390, 392 (E.D. New York 1998).

Once the defendant corporation has objected to the taking of the depositions of its representatives at a locus other than its place of business, the burden then shifts to the plaintiff to demonstrate peculiar circumstances which would compel the court to order the defendant's representatives depositions to be taken in an alternate location. *Morin*, 229 F.R.D. 363. See also *Chris-Craft Indus. Products, Inc.*, 184 F.R.D. 607 (Holding that the plaintiff failed to demonstrate any unusual circumstances or principles of justice that would warrant a deviation from the accepted rule that a the representatives of defendant corporation be deposed at its place of business.)

In *Morin*, the plaintiff sought to depose an employee of the defendant corporation at the offices of the plaintiff's attorney in Connecticut. *Morin*, 229 F.R.D. 363. The defendant corporation moved for a protective order citing the fact that it was an Ohio corporation and therefore its employees must be deposed at its place of business in Columbus, Ohio. *Id.*

The court held that by asserting its objection, the corporate defendant satisfied its burden to establish good cause. *Morin*, 229 F.R.D. 363. The burden then shifted to the plaintiff to demonstrate the peculiar circumstances that would warrant the taking of the deposition in Connecticut. *Id.* All that the plaintiff could muster in its support, however, was that the defendants could better bear the expense of travel and that it would be more convenient to the counsel for both parties to have the deposition taken in Connecticut. *Id.*

The court held that the plaintiff had failed to satisfy his burden particularly in light of the fact that "it is the plaintiff who is generally required to 'bear any reasonable burdens of inconvenience that the action represents.' . . . Moreover, 'the convenience of counsel is less compelling than any hardship to the witnesses.'" *Morin*, 229 F.R.D. 363 (Citations omitted.).

Similarly, in *Chris-Craft*, the plaintiff sought to the take the depositions of eight employees of Kuraray Co., Ltd. ("Kuraray") that resided in Japan, and one that resided in New York, in the forum where the suit was pending, Illinois. *Chris-Craft,* 184 F.R.D. 606.

Like *Morin*, the *Chris-Craft* Court found that the defendant corporation had satisfied its burden merely by objecting to having the depositions taken at a locus other than the defendant's place of business. *Chris-Craft,* 184 F.R.D. 607.

Chris-Craft could only make two arguments in support of conducting the depositions in Illinois. First, that Kuraray had filed a permissive counterclaim against Chris-Craft and therefore Kuraray ought to be treated as a party plaintiff. *Chris-Craft,* 184 F.R.D. 607. Second, Chris-Craft argued that Kuraray filed a third party claim against Chris-Craft Industries, Inc. *Id.* at 608.

The court rejected both of these arguments and sided with Kuraray since it found that forcing the Kuraray executives to travel to the forum district would impose a greater burden and more significant cost to the corporate defendant in terms of executive work time and expenses than if the depositions were taken at the principal place of business. *Chris-Craft*, 184 F.R.D. 607.

Finally, Rhode Island state law is also very clear on this issue. In *Ciunci, Inc. V. Logan*, 652.A.2d 961 (RI, 1995), the Rhode Island Supreme Court, after considering the "experience and the reasoning" of federal court judges who had already decided this issue, held that the "rule in federal litigation" would be applied in Rhode Island and defendants would be deposed at their

residence or place of business or employment. *Id.* at 962. The Court held that the trial court's Order that a defendant travel from Louisiana to Rhode Island to be deposed "contravenes the overwhelming authority in this area of the law" and was an abuse of discretion. *Id.*

In the matter at hand, OneBeacon has presumptively satisfied its burden by virtue of objecting to the depositions being taken at any place other than the deponents' Insurance Company's place of business. Moreover, the expense to OneBeacon in terms of travel costs and lost work time of two claims adjusters having to travel to Providence at two separate times in the middle of their work day far outweighs any potential burden the plaintiff's attorney may incur by traveling to the deponents offices in Foxboro – a location that is certainly easily accessible for him.

It should further be noted that the defendant's have in every manner possible attempted to cooperate with the plaintiff's expedited discovery requests. For example, the notices to take the depositions of Kathleen Ahearn and Steven P. Schroeder were scheduled to be taken barely one week after the notices were mailed out – this is clearly far short of what is considered reasonable notice. And further, the depositions of these two claim representatives have nothing whatsoever to do with the subject matter of this discovery: the determination of the proper party defendant in this action. Nonetheless, OneBeacon is willing to make its employees available in this abbreviated time frame and despite the utter irrelevancy of their testimony to the issues currently before the Court.

Although the defendant has easily satisfied its burden, the plaintiff cannot do the same. There simply are no peculiar circumstances or principles of justice that the plaintiff can assert to compel the court to deviate from the general rule. As discussed, convenience and expense to the plaintiff's counsel certainly is not reason enough to satisfy the plaintiff's burden.

The case law on this subject is clear and well reasoned. The general rule is that a corporate defendant is to be deposed at its place of business. This rule is to be adhered to unless the plaintiff is able to present some peculiar circumstance or principle of justice to warrant differing from this practice. As the plaintiff cannot satisfy his burden, the depositions of Kathleen Ahearn and Steven P. Schroeder must be held at their office in Foxborough, Massachusetts.

## III. CONCLUSION

For these reasons, the defendant respectfully requests that its Motion for Protective Order be granted and that in accord with the authority it derives from Fed. R. Civ. P. 26(c)(2) and (3), that this Court order that the depositions of Kathleen Ahearn and Steven P. Schroeder be held at their office in Foxborough, Massachusetts.

OneBEACON INSURANCE GROUP
By Its Attorneys,
CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Place, Suite 400
Providence, RI 02903
401.331.7272
401.331.4404 (facsimile)

CERTIFICATION

I hereby certify that I mailed and sent via facsimile to 401-521-5820 a true copy of the within to Keven McKenna, Esq., 23 Acorn Street, Providence, RI 02903 on this 22 day of February, 2006.