UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES P. LAPLANTE | : | |
| vs. | : | C.A. No. 05-496 ML |
| OneBEACON INSURANCE GROUP | : | |

DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION TO ALLOW JOSEPH LAPLANTE'S ATTENDANCE
AT DEPOSITIONS IN THIS MATTER

Defendant, OneBeacon Insurance Group hereby objects to the plaintiff's Motion to Allow Joseph LaPlante's Attendance at Deposition in the Matter and asserts as grounds therefore that Mr. LaPlante is a member of the public who has no right to attend depositions in this matter and whose attendance is likely to create disruption and a circus-like atmosphere. In support of this Objection, the Court is respectfully referred to the Memorandum of Law and Affidavit filed contemporaneously herewith and attached to the defendant's Memorandum as Exhibit 1.

WHEREFORE, the defendant respectfully requests that the plaintiff's Motion be denied.

OneBEACON INSURANCE GROUP
By its Attorneys,
CARROLL KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404

CERTIFICATION

I hereby certify that I mailed a true copy of the within to Kevin McKenna, Esq., 23 Acorn Street, Providence, RI, 02903 on this 22nd day of February, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES P. LAPLANTE :
:
vs. : C.A. No. 05-496 ML
:
OneBEACON INSURANCE GROUP :

DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS OBJECTION TO PLAINTIFF'S MOTION
TO ALLOW JOSEPH LAPLANTE TO ATTEND DEPOSITIONS

## I. FACTS

The plaintiff has filed a Motion requesting that this Court Order the presence of the plaintiff's father, Joseph LaPlante at the depositions which the plaintiff has noticed of OneBeacon Insurance Company personnel. These depositions have been noticed in connection with the plaintiff's Motion to Remand and the defendant's Motion for Summary Judgment which addresses the misnomer of the party defendant. Judge Lisi allowed the plaintiff to conduct discovery for these limited purposes which involve issues concerning the corporate structure of OneBeacon Insurance Group, LLC and its wholly owned subsidiaries. None of the issues of inquiry in connection with this limited discovery have anything to do with the facts of the underlying personal injury action.

On February 17, 2006, plaintiff's counsel advised defendant's counsel that he would be bringing Joseph LaPlante with him to the deposition of Dennis R. Smith, Associate General Counsel and corporate Secretary of OneBeacon Insurance Group, LLC on February 21, 2006 at OneBeacon's corporate headquarters in

Boston. Defendant advised plaintiff's counsel that Mr. LaPlante, as a non-party member of the public, would not be allowed to attend the deposition. The deposition proceeded on February 21, 2006 without incident and without Mr. LaPlante's presence.

On February 20, 2006 at 9:00 pm, plaintiff's counsel transmitted to defendant the subject Motion to Allow Mr. LaPlante's attendance at depositions in this matter via facsimile. The Motion was received late on February 21, 2006 since counsel spent all of that day in Boston at Mr. Smith's deposition. The defendant now objects to the Motion and argues that there is no basis for allowing a non-party, potential witness, to attend depositions in this matter.

ARGUMENT

Depositions are not public proceedings and the public has no right to attend them. Seattle Times Company v. Rhinehart, 467 U.S. 20, 104 S. Ct. 2199 (1984) Amato v. Richmond, 157 FRD 26 (DC Vir., 1994), Times Newspapers v. McDonnell Douglas Corp, 387 F.Supp 189 (D.C. Cal., 1974), Wright & Miller, Federal Practice, §2041. In the Seattle Times case, *supra*, the United States Supreme Court observed:

> Moreover, pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, [citation omitted] and, in general, they are conducted in private as a matter of modern practice. Id. at 2207-2208.

Joseph LaPlante is not a party to this proceeding, he is a member of the public with no greater rights to attend the depositions of the defendant's representatives than any member of the public. Depositions are not spectator

sports – they are serious business and the Court has no control over the behavior or conduct of a non-party at a deposition. Further, Joseph LaPlante is a witness in this matter whose attendance at the depositions of other witnesses may well prove prejudicial.

Plaintiff's counsel asserts in his motion that Joseph LaPlante's attendance is critical to him because Joseph LaPlante has "unique factual knowledge" about the accident and the "proceedings" that Mr. McKenna requires. However, the discovery that is currently underway is for the sole purpose of responding to the defendant's Motion for Summary Judgment on the issue of the correct party defendant and addressing the plaintiff's Motion for Remand. The issues presented concern strictly corporate structure and the inter-relationship of various OneBeacon Insurance Group, LLC companies and have nothing to do with the facts of the underlying accident. One wonders what specific assistance Joseph LaPlante could be expected to provide to counsel concerning the corporate structure of OneBeacon Insurance Group, LLC and York Insurance Company of Maine? Clearly, this assertion is no more than a smoke screen at this stage of the proceedings. Should depositions be taken in the future related to the merits of the underlying claim at which Joseph LaPlante's "unique factual knowledge" of the accident and the proceedings should prove relevant, the propriety of Joseph LaPlante's presence can certainly be addressed.

Further, "the unique factual knowledge" possessed by Joseph LaPlante means that he will, obviously be a witness in this case and subject to deposition at a later time. Until his deposition occurs, there is significant potential for the defendant

to be prejudiced by Joseph LaPlante's attendance at the depositions of other witnesses in the case and this, alone, provides sufficient basis for his exclusion from the depositions of other witnesses.

Finally, OneBeacon Insurance Company has reason to be concerned about the behavior of Joseph LaPlante. The claims examiner who handled Joseph LaPlante's claim has stated under oath that his conduct throughout her handling of the claim was "confrontational and harassing" Cotter Affidavit at ¶3, attached hereto as Exhibit 1. Among the problems noted in her affidavit, Ms. Cotter states that Joseph LaPlante repeatedly demanded that he be allowed to go to OneBeacon's offices in Foxborough, Massachusetts and was refused. Despite this, he appeared there, unannounced, twice attempting to gain entry. Id. ¶5. He accused the claims handlers at OneBeacon of being deceptive and untruthful and filed a Massachusetts Chapter 93A claim against the company (Id. ¶3). He also filed a complaint with the State of Rhode Island Insurance Division.

In short, Joseph LaPlante has demonstrated contempt for OneBeacon Insurance Company, a pattern of harassing conduct, and an unusual desire to get inside the offices of OneBeacon in Foxborough. Under these circumstances, OneBeacon is entirely justified in requesting that he not be present for the depositions in this matter.

## III. CONCLUSION

For all of these reasons, defendant OneBeacon insurance Group respectfully requests that the plaintiff's Motion to Allow Joseph LaPlante to attend the

depositions in this matter be denied.

OneBEACON INSURANCE GROUP
By its Attorneys,
CARROLL KELLY & MURPHY

C. RUSSELL BENGTSON #1233
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404

CERTIFICATION

I hereby certify that I mailed a true copy of the within to Kevin McKenna, Esq., 23 Acorn Street, Providence, RI, 02903 on this 22 day of February, 2006.