OneBeacon
INSURANCE

March 17, 2005

Mr. Joseph Laplante
Boston Post Road
P.O. Box 5678
Marlboro, MA 01752-8678

| | | |
|---|---|---|
| RE: | Claim No.: | 0B600908Z BW14 |
| | Claimant: | Joseph Laplante |
| | Date of Loss: | 2/23/2003 |
| | Insured: | Corrina Brown |
| | Underwriting Company: | York Insurance Company of Maine |
| | Policy No.: | YMZ263796 |

Dear Mr. Laplante:

On behalf of the OneBeacon Insurance Group ("OneBeacon") and CU York Insurance Company ("York"), we acknowledge receipt of your letter dated February 13, 2005 (which was hand delivered to OneBeacon on February 18, 2005), in which you purport to make a request for relief under the provisions of Massachusetts General Laws Chapter 93A, Section 9.

On behalf of OneBeacon and York, we deny that Massachusetts General Laws Chapter 93A, Section 9 applies to the present matter which involves a Rhode Island accident involving a vehicle registered in Vermont under an insurance policy issued by a Maine insurer to Vermont residents and as to which the only Massachusetts contact is the fortuitous circumstance that you, as a passenger in the vehicle, are a resident of Massachusetts. Further, to the extent that Chapter 93A, Section 9 applies, OneBeacon and York categorically deny that their conduct or the conduct of any of their employees or agents constitutes a violation of the statute or that your

ExA

letter constitutes a proper demand under the statute. Nevertheless, OneBeacon and York have made a settlement offer as set forth in this letter.

York Policy No. YM-Z263796F, effective between August 29, 2002 and August 29, 2003 ("the Policy"), provided Bodily Injury Liability Coverage with a single limit of $300,000 and Uninsured Motorist Bodily Injury Liability Coverage (the "Uninsured Motorist Coverage") with a limit of $300,000. As originally presented, OneBeacon and York understood your claim to be a claim under the Uninsured Motorist Coverage based upon the statements of yourself and your son, James Laplante, that the accident of February 23, 2003 was caused by a "hit and run" vehicle which ran a red light in front of the vehicle driven by James Laplante, as a consequence of which he, in an attempt to avoid the vehicle, swerved to the side of the road and struck a tree. Because this was the understanding of OneBeacon and York, a $300,000 offer of the policy limit for the Uninsured Motorist Coverage was made to both of you, with the request that you advise OneBeacon and York how you wished to apportion the payment of the policy limit between the two of you. At the time that offer was made, OneBeacon and York understood that you were not asserting a claim that your son James Laplante was at fault in any respect with respect to the accident and OneBeacon and York, as a result, did not address the issue of possible recovery under the Bodily Injury Liability Coverage provided by the Policy.

However, whatever may have occurred in the past, OneBeacon and York now understand that you are contending that James Laplante was in some respect responsible for the accident of December 23, 2003 and that, as a result, you are making claim against him under the Bodily Injury Liability Coverage to recover damages for the bodily injury you suffered in the accident.

OneBeacon and York have obtained an opinion of Vermont coverage counsel regarding York's obligations under the Policy with respect to the claims arising from the injuries suffered

ExA

by you. Based upon counsel's opinion, OneBeacon and York determined that you are entitled to recovery, assuming legal liability on the part of your son, under the Bodily Injury Liability Coverage up to the limit of $300,000, but you are not entitled to recovery under the Uninsured Motorist Coverage, which also has a limit of $300,000. For you to recover under the Bodily Injury Liability Coverage as a claimant against your son, you are obligated to present evidence of your son's negligence and to present evidence that damage you claim arise from injuries which are causally related to the happening of the accident of December 23, 2003. For the purposes of this letter, OneBeacon and York do not dispute the existence of legal liability on the part of James Laplante arising from his negligent operation of the vehicle involved in the accident. Therefore, the remaining issue is whether you have presented evidence showing that you suffered injuries causally related to the happening of the accident and that you have been damaged as a result. Again, for the purposes of this letter, OneBeacon and York do not dispute that you suffered certain serious injuries as a result of the accident or that your incurred significant medical expenses as a result. However, we do note that your letter makes reference to certain medical records reporting the existence of degenerative conditions which cannot have been caused by the accident. In addition, although you provided OneBeacon with a medical authorization form, OneBeacon, despite requests that it has made, has yet to receive from medical care providers complete copies of relevant medical records. In addition, although requests have been made to you for tax returns or other documentation of the lost earnings with you claim, no tax returns or other documents have been provided.

Based on what has been documented to date, OneBeacon and York, by this letter, hereby offer the sum of $200,000 in full and final settlement of all claims you have against James Laplante and against OneBeacon and/or York arising out of or resulting from the accident of

Ex A

February 23, 2003 and the events subsequent thereto. This offer is being made from the limits of the Bodily Injury Liability Coverage and not from the Uninsured Motorist Coverage. If additional medical information or documents relating to loss of earnings is received, OneBeacon and York will consider increasing its offer to you, but, in any event, will pay no more than the $300,000 limit of the Bodily Injury Liability Coverage. As stated above, OneBeacon and York continue to maintain that you are not entitled to coverage under the Uninsured Motorist Coverage. It is a condition to payment that you execute a Release in a form acceptable to OneBeacon and York.

In making this offer, OneBeacon and York specifically reserve and do not waive all of their rights and defenses with respect to the claim which you have asserted, whether set forth herein or not and whether presently known to them or not.

If you have additional information or documents which you wish me to consider, please provide them to me. If you wish to make a response to this offer, please contact me at 866-299-7064 extension 8025.

Very truly yours,

Donna Cotter

Donna Cotter
Claims Examiner

ExA